**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**



------------------------------------------------------- x

CHAVA HERMAN,
on behalf of plaintiff and a class,

            Plaintiff,

    vs.

COLLECTO INC., and
US ASSET MANAGEMENT INC.,

           Defendants.

------------------------------------------------------- x

**13 CV 4831**

**JUDGE SEIBEL**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.    Plaintiff Chava Herman brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Collecto Inc., on behalf of defendant US Asset Management Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendants' collection communications were received by plaintiff within this District;

    b.    Defendants transact business within this District.

### PARTIES

5.    Plaintiff Chava Herman is an individual who resides in Spring Valley, NY.

1

6.      Defendant Collecto, Inc., is a corporation with offices at 700 Longwater Drive, Norwell, MA 02061.  It does business in New York.

7.      Defendant Collecto, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Defendant Collecto, Inc. is a debt collector as defined in the FDCPA.

9.      Defendant Collecto, Inc., conducts its debt collection business under the name "EOS CCA."

10.     Defendant US Asset Management, Inc. is a corporation chartered under the law of Massachusetts that does business in New York. It conducts business at 700 Longwater Drive, Norwell, MA 02061.

11.     Defendant US Asset Management, Inc. is engaged in the business of collecting debts originally owed to others, using the mails and telephones for that purpose.

12.     Defendant US Asset Management, Inc. is a debt collector as defined in the FDCPA.

13.     The sole officer of defendant US Asset Management, Inc. is Paul E. Leary, Jr., who is the chief executive officer of Collecto, Inc. On information and belief the two entities are also owned by Paul E. Leary, Jr.

14.     All actions of Collecto, Inc. referred to herein were taken as authorized agent of US Asset Management, Inc.

## FACTS

15.     Defendants have been attempting to collect from plaintiff an alleged telephone bill incurred for personal, family or household purposes and not for business purposes.

16.     On or about January 24, 2013, defendant Collecto, Inc. sent plaintiff the letter attached as Exhibit A.

17.     Exhibit A was sent by Collecto, Inc., on behalf of US Asset Management, Inc.

18.     Exhibit A is the first letter plaintiff received from defendants regarding the debt

2

described therein.

19.     On information and belief, Exhibit A is the first letter defendants sent plaintiff regarding the debt described therein.

20.     On information and belief, Exhibit A is a form letter intended for use by defendants as the initial letter sent to a putative debtor.

21.     Exhibit A does not refer to the correct corporate name of "EOS CCA", which is Collecto, Inc.

22.     A search of corporate records under the name "EOS CCA" in New York does not reveal who is behind "EOS CCA" (Exhibit B).

23.     A search of corporate records under the name "EOS CCA" in Massachusetts does not reveal who is behind "EOS CCA" (Exhibit C).

24.     Exhibit A claims a "total due" of $3,185.59, of which $1,360.25 is described as "other accounts," referring to one or more accounts other than the one that is identified.

## COUNT I – FDCPA

25.     Plaintiff incorporates paragraphs 1-24.

26.     Defendants violated 15 U.S.C. §§1692e and 1692e(14) by using the name "EOS CCA" without reference to its correct name of Collecto, Inc.

27.     The correct identity of defendant is not readily ascertainable by the unsophisticated consumer from any information on any of defendant's collection letters.

28.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(14)   The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

29.     Courts have held that a debt collector avoids violating § 1692 e(14) if "it

properly registers its incorporated name and any alternate trade names in any of 1) the debt collection company's place of incorporation, 2) the debt collection company's principal place of business, or 3) the state in which the plaintiff was injured." *Boyko v. American Int'l Group, Inc.*, Civil No. 08–2214 (RBK/JS), 2012 WL 1495372 (D. N.J. April 26, 2012), later opinion, 2012 WL 2132390, *5 (D.N.J., June 12, 2012).

## CLASS ALLEGATIONS

30.     Plaintiff brings this claim on behalf of a class.

31.     The class consists of (a) all individuals in New York  (b) to whom defendants sent a letter using the name "EOS CCA" without reference to Collecto (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

32.     The class is so numerous that joinder of all members is not practicable.

33.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether use of "EOS CCA" violates the FDCPA.

34.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

35.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible;

        b.     Members of the class are likely to be unaware of their rights;

        c.     There is no reason for multiple identical actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

        (1)     Statutory damages;

        (2)     Attorney's fees, litigation expenses and costs of suit;

(3)   Such other and further relief as the Court deems proper.

## COUNT II - FDCPA

36.   Plaintiff incorporates paragraphs 1-24.

37.   Defendants violated 15 U.S.C. §§1692g, 1692e, 1692e(2) and 1692e(10) by (a) including the amount of "other accounts" on <u>Exhibit A</u> (b) without identifying them.  As a result, the resulting "total due" does not represent the total due on the one debt that is identified or on any other identifiable debt.  In addition, it is unclear who the current creditor or owner of the debt is with regard to the "other accounts."  The information concerning the owner of the identified account pertains solely to the identified "account" in the singular.

38.   Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and**

address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

© Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

39.  Section 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)  The false representation of--

(A)  the character, amount, or legal status of any debt; . . .

(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .

## CLASS ALLEGATIONS

40.  Plaintiff brings this claim on behalf of a class.

6

41.     The class consists of (a) all individuals in New York (b) to whom defendants sent a letter referring to "other accounts" (c) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

42.     The class is so numerous that joinder of all members is not practicable.

43.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether use of "other accounts" violates the FDCPA.

44.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45.     A class action is appropriate for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible;

b.      Members of the class are likely to be unaware of their rights;

c.      There is no reason for multiple identical actions.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

Abraham Kleinman

8

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Abraham Kleinman

# EXHIBIT A



Redacted

**EOS CCA**
700 LONGWATER DRIVE
NORWELL, MA 02061

January 24, 2013

**Office Hours:**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM - 9:00 PM  ET |
| Friday: | 8:00 AM - 5:00 PM  ET |
| Saturday: | 8:00 AM - 12:00 PM  ET |

Toll Free : 1-877-917-8770
Phone Number: 1-781-753-4804

## NOTICE OF COLLECTION PLACEMENT

| RE: | | | |
|---|---|---|---|
| Your Account with our Client: US ASSET MANAGEMENT INC | Principal: | $ | 1247.94 |
| Client Reference #:          0022 | Interest: | $ | 352.76 |
| Agency Account #      6532 | Fees/Coll Costs: $ | | 224.64 |
| Original Creditor, if different from Client: AT&T MOBILITY | Other Accounts: $ | | 1360.25 |
| | **Total Due:** | **$** | **3185.59** |

**US ASSET MANAGEMENT INC** has placed your account with us for collection.  This is a demand for payment of your debt.  We urge you to remit payment to our office, unless you dispute this debt.  If you dispute this debt, please see the reverse side of this notice for important rights.

If mailing your payment, please detach the coupon below and include with your payment in the enclosed envelope. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number      0830. You may contact our office at the toll free number above during the hours noted and speak to Melissa Peralta or any available representative.

Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

We may report information about your account to credit bureaus.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

## PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS

✂  Detach Bottom Portion And Return With Payment  ✂

PDP-5186532-101-012413-344-33968-146

**EOS CCA**
PO BOX 296
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 6532 | 0022 | |

Client :  US ASSET MANAGEMENT INC

**PERSONAL & CONFIDENTIAL**
PDP-5186532-101-012413-344-33968-146

⎯⎯⎯⎯⎯⎯AUTO**ALL FOR AADC 105
CHAVA HERNAN *CONFIDENTIAL* 

**EOS CCA**
PO BOX 5055
NORWELL, MA 02061-5055

**FEDERAL LAW**                                    Redacted

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

**PHONE OR WEB PAYMENT**

To make an automated payment via your touch tone phone, please call 877-365-9900, or to make a secure on-line payment via the web, please visit eoscca.solvemydebt.com. When prompted, please enter your account number and security code as provided below.

Account Number:   **6532**                     Security Code:   **0022**

If you wish to pay by VISA or MasterCard, fill in the information below and return.

Credit Card Number                    Check One:   [ ] VISA   [ ] MC

[    ] - [    ] - [    ] - [    ]

| Payment Amount: | | Expiration Date: | |
|---|---|---|---|

Card Holder Name          Signature of Card Holder          Date

Redacted

First Class Mail

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
EMDEON EXB

EOS CCA
PO BOX 298
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

*********AUTO**ALL FOR AADC 105
CHAVA HERNAN *CONFIDENTIAL*

116 AMHUNP1 10982

# EXHIBIT B

# NYS Department of State

## Division of Corporations

## Informational Message

The information contained in this database is current through March 20, 2013.

No business entities were found for eos cca.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

Ok

Services/Programs   |   Privacy Policy   |   Accessibility Policy   |   Disclaimer   |   Return to DOS
Homepage   |   Contact Us

# EXHIBIT C

3/21/13
The Commonwealth of Massachusetts William Francis Galvin - Public Browse and Search
Case 7:13-cv-04831-CS  Document 1  Filed 07/11/13  Page 17 of 17



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth, Corporations Division
One Ashburton Place, 17th floor
Boston, MA 02108-1512
Telephone: (617) 727-9640


Help with this form

**No Records Matched Your <u>Begins With Search</u> for Entity Name: <u>eos cca</u>**

New Search

© 2001 - 2013 Commonwealth of Massachusetts
All Rights Reserved