**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------     x
 CHAVA HERMAN,                                              :
on behalf of plaintiff and a class,                        :
                                                           :
                        Plaintiff,                         :
                                                           :
            vs.                                            :         Case No. 13-cv-4831(CS)
                                                           :
COLLECTO INC., and                                         :
US ASSET MANAGEMENT INC.,                                         :
                                                           :
                    Defendants.                            :
------------------------------------------------------     x
```

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service:  courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

## TABLE OF CONTENTS

I.     NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    THE FAIR DEBT COLLECTION PRACTICES ACT . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   STANDARD FOR CLASS CERTIFICATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   THE PROPOSED CLASSES MEET THE REQUIREMENTS FOR CERTIFICATION
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     A.     Rule 23(a)(1)  -- Numerosity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     B.     Rules 23(a)(2) and 23(b)(3)  – Predominance of common questions of law or fact
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
     C.     Rule 23(a)(3) -- Typicality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     D.     Rule 23(a)(4) -- Adequacy of representation . . . . . . . . . . . . . . . . . . . . . . . . . . 10
     E.     Rule 23(b)(3)  --  Class action is superior to other available methods of resolving
this controversy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**Cases**

*Annunziato v. Collecto*, 293 F.R.D. 329 (E.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7,8

*Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . 7

*Arango v. GC Servs., LP*, 97 C 7912, 1998 WL 325257 (N.D. Ill. June 11, 1998) . . . . . . . . . . 5

*Avila v. Van Ru Credit Corp.*, 94 C 3234, 1995 WL 41425 (N.D. Ill. Jan. 31, 1995) . . . . . . . . 5

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Bartlett v. Heibl*, 128 F.3d 497, 499  (7th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) . . . . . . . . . . . . . . . . . 3

*Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cacace v. Lucas*, 775 F. Supp. at 505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Carr v. Trans Union Corp.*, CIV. A. 94-0022, 1995 WL 20865 (E.D. Pa. Jan. 12, 1995) . . . . . 6

*Carroll v. United Compucred Collections, Inc.*, 1-99-0152, 2002 WL 31936511 (M.D. Tenn.
Nov. 15, 2002) 1:99-0152, 2003 WL 1903266 (M.D. Tenn. Mar. 31, 2003) aff'd, 399 F.3d 620
(6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

*Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) . . . . . . . . . . . . . 6

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cit. 1995) . . . . . . . . . . 7

*Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993). . . . . . . . . . . . . . . . 3

*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Colbert v. Trans Union Corp.*, CIV. A. 93-6106, 1995 WL 20821 (E.D. Pa. Jan. 12, 1995) . . . 6

*Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666  (7th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . 3

*Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989) . . . . . . 3

*Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996) . . . . . . . . 8,10

*Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D. Ariz. 1982) . . . . . . . . . . . . . . . . . . 6

*Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991)   4

*Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164, 170 (S.D.N.Y. 1968) . . . . . . . . . . . . . . . .7

*Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984) . . . . . . . . . . . . . . . . . . . . . . . 8

*FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000) . . . . . . . . . . . . . . . . . . . 4

*George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D.Ill. 2008) . . . . . . . . . . . . . . . . 9

*Halverson v. Convenient Food Mart, Inc.*, 69 F.R.D. 331, 334 (N.D.Ill. 1974) . . . . . . . . . 8, 8, 9

*Haroco v. American Nat'l Bank*, 121 F.R.D. 664, 669 (N.D. Ill. 1988) . . . . . . . . . . . . . . . . . . . 8

*Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974) . . . . . . . . . . . . . . 12

*Heastie v. Community Bank*, 125 F.R.D. 669, 675 (N.D.Ill. 1989) . . . . . . . . . . . . . . . . . . . . 8, 9

*Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

*In re Alcoholic Beverages Litigation*, 95 F.R.D. 321 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) . . . . . . . . . 9, 10

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) . . . . . . . . . . . 12

*In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996) . 10

iv

*In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1173 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . 3

*Keele v. Wexler*, 95 C 3483, 1996 WL 124452 (N.D. Ill. Mar. 19, 1996) aff'd, 149 F.3d 589 (7th

Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

*Kimber v. Federal Financial Corp*., 668 F. Supp. 1480 (M.D. Ala. 1987) . . . . . . . . . . . . . . . . 9

*Kleiner v. First Nat'l Bank*, 97 F.R.D. 683, 692 (N.D.Ga. 1983) . . . . . . . . . . . . . . . . . . . . . . . 8

*Korn v. Franchard Corp.,* 456 F.2d 1206, 1209 (2nd Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kuhn v. Account Control Technol.*, 865 F. Supp. 1443, 1450 (D.Nev. 1994) . . . . . . . . . . . . . . . 3

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628-629 (E.D.Pa 1994) . . . . . . . . . . . . . . . . 12

*Leone v. Ashwood Financial, Inc.*, 257 F.R.D. 343, 351 (E.D.N.Y. 2009) . . . . . . . . . . . . . . . . 3

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Miller v. Wexler & Wexler*, 97 C 6593, 1998 WL 60798 (N.D. Ill. Feb. 6, 1998) . . . . . . . . . . 5

*N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir. 1973) . . . . . . . . . . . . . . 3

*Nielsen v. Dickerson*, 98 C 5909, 1999 WL 350649 (N.D. Ill. May 20, 1999) . . . . . . . . . . . . . 5

*Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D.Ill. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D.Pa. 1968) 7

*Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985)* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989) . . . . . . . . . . . . . . . . 4

*Riordan*, 113 F.R.D. 60 (10-29 sufficient) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . 3

*Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,9

*Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ross v. Bank of America NA*, 524 F.3d 217 (2d Cir.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Russo v. CVS Pharm., Inc*., 201 F.R.D. 291 (D. Conn. 2001)........................................................6

*Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D.Pa. 1988) . . . . . . . . . . . . . . . . . . . 7

*Savino v. Computer Credit, Inc.*, 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997) . . . . . . . . . . . . . . 10

*Scholes*, 143 F.R.D. at 189; . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

*Shaver v. Trauner*, 97-1309, 1998 WL 35333712 (C.D. Ill. May 29, 1998) CIV. 97-1309, 1998

WL 35333713 (C.D. Ill. July 31, 2098) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sledge v. Sands*,182 F.R.D. 255 (N.D. Ill. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 659 (N.D.Ill. 2006) . . . . . . . . . . . . . . . . . 5

*Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) .....................7

*Town of New Castle v. Yonkers Contracting Company, Inc.*, 131 F.R.D. 38, 40-41 (S.D.N.Y.

1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995  (7th Cir. 2003) . . . . . . . . . . . . . . . . 4

*Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Wahl v. Midland Credit Mgmt.*, 06 C 1708, 2007 U.S. Dist. LEXIS 39626, *14-15 (N.D.Ill., May

30, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

*West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975) . . . . . . . . . . . . . . . . . . . . 10

*Whatley v. Universal Collection Bureau*, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981).....................3

*Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347  (N.D. Ill. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990) . . . . . . . . .   3

*Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6,12

**Statutes**

15 U.S.C. §§1601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

15 U.S.C. §§1692d, 1692e, 1692f and 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

15 U.S.C. §§1692k(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

15 U.S.C. §1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Fed.R.Civ.P. 23(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

Fed.R.Civ.P. 23(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

Fed.R.Civ.P. 23 Rules 23(a) and (b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Fed.R.Civ.P. 23 Rule 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697. . . . .   2

Plaintiff Chava Herman has requested that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against Defendants Collecto, Inc. ("Collecto") and US Asset Management, Inc. ("USAM") This memorandum is submitted in support of that motion.

## I.  NATURE OF THE CASE

Defendants Collecto and USAM have been attempting to collect from plaintiff an alleged telephone bill owed to AT&T Mobility incurred for personal, family or household purposes and not for business purposes, as well as unspecified "other accounts."  On or about January 24, 2013, defendant Collecto, Inc. sent plaintiff the letter attached as Appendix 2.  Appendix 2 was sent by Collecto, Inc., on behalf of US Asset Management, Inc.

Appendix 2 (Letter from Collecto dated January 24, 2013) is the first letter plaintiff received from defendants regarding the debt described therein.  Appendix 2 is the first letter defendants sent plaintiff regarding the debt described therein. (Appendix 3, Burns Dep. Tr. pp. 29-30, lines 17-16).

Plaintiff contends that Appendix 2 violates the FDCPA as Appendix 2 claims a "total due" of $3,185.59, of which $1,360.25 is described as "other accounts," referring to one or more accounts other than the one that is identified.

## II.  THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors".   15 U.S.C. §1692(e).  "The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices." *Leone v. Ashwood Financial, Inc.*, 257 F.R.D. 343, 351 (E.D.N.Y. 2009)

It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the --

> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

Whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993); *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168, 1173 (11th Cir. 1985). The standard is an objective one–whether the plaintiff or any class member was misled is not an element of a cause of action, "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc*., 754 F. Supp. 383, 392 (D. Del. 1991).

2

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes.  *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

> **The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation.  Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.**

*N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2d Cir. 1973).

Statutory damages are recoverable for violations, whether or not the consumer proves actual damages.  *Bartlett v. Heibl*, 128 F.3d 497, 499  (7th Cir.1997); *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F. Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein.  *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666  (7th Cir. 2001);  *Baker*, 677 F.2d at 780; *Whatley v. Universal Collection Bureau*, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981).  "Congress intended the Act to be enforced primarily by consumers . . . ." *FTC v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980).  "Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts

are not at liberty to excuse violations where the language of the statute clearly comprehends

them . . . ."  *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiffs need not prove intent, bad faith or negligence in an FDCPA case.  The "FDCPA

is a strict liability statute," and "proof of one violation is sufficient to support summary judgment

for the plaintiff."  *Cacace v. Lucas*, 775 F. Supp. at 505.  *Accord, Turner v. J.V.D.B. &*

*Associates, Inc.*, 330 F.3d 991, 995  (7th Cir. 2003); *Gearing v. Check Brokerage Corp.*, 233

F.3d 469, 472 (7th Cir.2000).

## III.    STANDARD FOR CLASS CERTIFICATION

Class actions are essential to enforce laws protecting consumers.  As the court stated in

*Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of
> consumer protection. . . . To consumerists, the consumer class action is an inviting
> procedural device to cope with frauds causing small damages to large groups.  The
> slight loss to the individual, when aggregated in the coffers of the wrongdoer, results
> in gains which are both handsome and tempting.  The alternatives to the class action
>  --  private suits or governmental actions  --  have been so often found wanting in
> controlling consumer frauds that not even the ardent critics of class actions
> seriously contend that they are truly effective.  The consumer class action, when
> brought by those who have no other avenue of legal redress, provides restitution to
> the injured, and deterrence of the wrongdoer.**  (574 N.E.2d at 764, 766)

The Second Circuit noted that class actions allow for the aggregation of small claims held

by many consumers.  Denial of certification would lead to a situation where consumers holding a

small claim would be less likely to pursue relief given the costs involved, to the benefit of

business which, in violating the law, obtain a significant financial benefit from their actions

without fear of meaningful litigation.  *Ross v. Bank of America NA*, 524 F.3d 217 (2d Cir.2008).

Congress expressly recognized the propriety of a class action under the FDCPA by

providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA

4

class action cases.  As a result, numerous FDCPA class actions have been certified.   *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999); *Nielsen v. Dickerson*, 98 C 5909, 1999 WL 350649 (N.D. Ill. May 20, 1999); *Sledge v. Sands*,182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner*, 97-1309, 1998 WL 35333712 (C.D. Ill. May 29, 1998) report and recommendation adopted, CIV. 97-1309, 1998 WL 35333713 (C.D. Ill. July 31, 2098); *Carroll v. United Compucred Collections, Inc.*, 1-99-0152, 2002 WL 31936511 (M.D. Tenn. Nov. 15, 2002) report and recommendation adopted in part, 1:99-0152, 2003 WL 1903266 (M.D. Tenn. Mar. 31, 2003) aff'd, 399 F.3d 620 (6th Cir. 2005);  *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 95 C 3483, 1996 WL 124452 (N.D. Ill. Mar. 19, 1996) aff'd, 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 97 C 6593, 1998 WL 60798 (N.D. Ill. Feb. 6, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347  (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 97 C 7912, 1998 WL 325257 (N.D. Ill. June 11, 1998) (misleading collection letters); *Avila v. Van Ru Credit Corp.*, 94 C 3234, 1995 WL 41425 (N.D. Ill. Jan. 31, 1995); *Carr v. Trans Union Corp.*, CIV. A. 94-0022, 1995 WL 20865 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp*, CIV. A. 93-6106, 1995 WL 20821 (E.D. Pa. Jan. 12, 1995) (same); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) (similar);  *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding

transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); *Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

## IV. THE PROPOSED CLASS MEETS THE REQUIREMENTS FOR CERTIFICATION

### A. Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  "There is no magic minimum number that will breathe life into a class, but generally, courts will find a class sufficiently numerous when it comprises forty or more members" *Annunziato v. Collecto*, 293 F.R.D. 329 (E.D.N.Y. 2013)(internal citations omitted); *see also Russo v. CVS Pharm., Inc*., 201 F.R.D. 291 (D. Conn. 2001); *Robidoux v. Celani,* 981 F.2d 931, 935 (2nd Cir. 1993).  Where the class numbers at least 40, joinder is generally considered impracticable.  *Korn v. Franchard Corp.,* 456 F.2d 1206, 1209 (2nd Cir. 1972) ("forty investors have been said to represent a sufficiently large group" for class certification); *Town of New Castle v. Yonkers Contracting Company, Inc.*, 131 F.R.D. 38, 40-41 (S.D.N.Y. 1990) (potential class of 36 class members satisfied numerosity requirement);  *Fidelis Corporation v. Litton Industries, Inc.*, 293 F.Supp. 164, 170 (S.D.N.Y. 1968) (35-70 potential plaintiffs sufficient to satisfy numerosity requirement); *Cypress v. Newport News General & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 sufficient); *Riordan*, 113 F.R.D. 60 (10-29 sufficient); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 463 (E.D.Pa. 1968) (25 sufficient); *Sala v. National R. Pass. Corp.*, 120 F.R.D. 494, 497 (E.D.Pa. 1988) (40-50 sufficient); *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill.

1992) (about 70).  The Second Circuit presumes numerosity at a level of 40 members.

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cit. 1995); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

Here, defendants have represented that there are 9003 accounts that satisfy the class definition.

**B.    Rules 23(a)(2) and 23(b)(3)  – Predominance of common questions of law or fact**

Fed.R.Civ.P. 23(a)(2) requires that there be a common question of law *or* fact.  Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members.  "[T]here must be a showing that common issues of fact or law exist and that they affect all class members." *Annuziato v. Collecto* at 336.

These requirements are normally satisfied when there is an essential common factual link between all class members and the defendant for which the law provides a remedy.  *Halverson v. Convenient Food Mart, Inc.,* 69 F.R.D. 331, 334 (N.D.Ill. 1974).  The individual circumstances of the class members can differ without precluding class certification, provided that the common questions are at the core of the cause of action. *Annuziato* at 336.   Where a question of law involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met."  *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *accord*, *D'Alauro v. GC Services Ltd. Partnership*, 168 F.R.D. 451, 456 (E.D.N.Y. 1996); *accord*, *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D.Ill. 1988); *Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *43-44 (M.D.Tenn.  Nov. 15, 2002),

7

adopted in pertinent part, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn.,  Mar. 31, 2003), aff'd, 399

F.3d 620 (6th Cir. 2005);  *Wahl v. Midland Credit Mgmt.*, 06 C 1708, 2007 U.S. Dist. LEXIS

39626, *14-15 (N.D.Ill., May 30, 2007); *Smith v. Nike Retail Services, Inc.*, 234 F.R.D. 648, 659

(N.D.Ill. 2006).  The authorities hold that cases dealing with the legality of standardized

documents or conduct are generally appropriate for resolution by means of a class action because

the document or conduct is the focal point of the analysis.  *Halverson*, *supra,* 69 F.R.D. at 334-

336; *Haroco v. American Nat'l Bank*, 121 F.R.D. 664, 669 (N.D. Ill. 1988) (improper

computation of interest); *Kleiner v. First Nat'l Bank*, 97 F.R.D. 683, 692 (N.D.Ga. 1983) (same);

*Heastie v. Community Bank*, 125 F.R.D. 669, 675 (N.D.Ill. 1989)  (execution of home

improvement financing documents in sequence that evaded consumers' rescission rights);

*Carroll v. United Compucred Collections*, 1-99-0152 H/G, 2002 U.S. Dist. LEXIS 25032, *47-

48 (M.D.Tenn.  Nov. 15, 2002) (collection practices).

     In this case, the "common nucleus of operative fact,"  *Halverson*, 69 F.R.D. at  335, is

that defendants included "other accounts" on <u>Appendix 2</u> without identifying them, stating the

amount of each, or identifying the current creditor or owner of the debt.  This gives rise to the

common legal question of whether it is illegal to do this.  *Kimber v. Federal Financial Corp*.,

668 F. Supp. 1480 (M.D. Ala. 1987).  Therefore, there are common questions of law and fact

which will predominate and, in fact, will dictate the outcome.

     The only individual issue is the identification of the class members, which the defendants

have already done by identifying the 9003 accounts that satisfy the class definition.  The

addresses of all persons who comprise the class can be determined from a ministerial review of

defendants' records.  Questions readily answerable from defendants' files do not present an

obstacle to class certification.  *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989),

*George v. Kraft Foods Global, Inc.*, 251 F.R.D. 338, 347 (N.D.Ill. 2008) (court found that

common issues predominated where individual questions of injury and damages could be

determined by "merely comparing the contract between the consumer and the contractor with the

contract between the consumer and Community Bank").

C.      **Rule 23(a)(3) -- Typicality**

The rule requires that the claims of the named plaintiff be typical of the claims of the

classes.  Rule 23(a)(3) is satisfied "when each class member's claim arises from the same course

of events and each class member makes similar legal arguments to prove the defendant's

liability."  *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993), *citing In re Drexel Burnham

Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).  "When the same 'unlawful conduct was

directed at both the named Plaintiff and the class to be represented, the typicality requirement is

usually met irrespective of varying fact patterns which underlie individual claims.'"  *Savino v.

Computer Credit, Inc.*, 173 F.R.D. 346, 352-53 (E.D.N.Y. 1997), *quoting I Newberg on Class

Actions* §3.13;  *D'Alauro v. GC Services Ltd. Partnership*,168 F.R.D. 451, 456-457 (E.D.N.Y.

1996).

In the instant case, typicality is inherent in the class definitions.  By definition, each of

the class members has been subject to the same treatment as plaintiff.  Plaintiff's claims and the

claims of the class members all turn on the legality of sending the document in the form

represented by Appendix 2 that references "other accounts," but does not identify them to

consumers.

D.      **Rule 23(a)(4) -- Adequacy of representation**

9

The rule also requires that the named plaintiff provide fair and adequate protection for the interests of the classes.  That protection involves two factors:  (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiff must not have interests antagonistic to those of the classes.  *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)*; Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *accord*, *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975); *In re Alcoholic Beverages Litigation*, 95 F.R.D. 321.

Plaintiff understands the obligations of class representatives and has retained experienced counsel, as is indicated by Appendix 4, which sets forth counsel's qualifications.

The second relevant consideration under Rule 23(a)(4) is whether the interests of the named plaintiff are coincident with the general interests of the class.  Here, both plaintiff and the class members seek money damages as the result of defendants' unlawful collection practices.  Given the identity of claims between plaintiff and the class members, there is no potential for conflicting interests in this action.  There is no antagonism between the interests of the named plaintiff and those of the class.

**E.      Rule 23(b)(3)  --  Class action is superior to other available methods of resolving this controversy**

Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented.  *Eovaldi v. First Nat'l Bank*, 57 F.R.D. 545 (N.D. Ill. 1972).  The Court is required to determine the best available method for resolving the

controversy in keeping with judicial integrity, convenience, and economy. *Scholes*, 143 F.R.D. at 189; *Hurwitz v. R.B. Jones Corp.*, 76 F.R.D. 149 (W.D.Mo. 1977). It is proper for a court, in deciding the "best" available method, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974).

In this case there is no better method available for the adjudication of the claims which might be brought by each individual debtor. The vast majority of debtors are undoubtedly unaware that their rights are being violated. In addition, persons from whom defendants are attempting to collect debts are, by definition, unlikely to be able to pay to retain counsel to protect their rights on an individual basis.

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

*In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court noted:

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to**

11

> be brought by one or more consumers on behalf of others who are similarly situated.'  7B Wright et al., §1778, at 59; see e.g., <u>Phillips Petroleum Co. v. Shutts</u>, **472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiff to pool claims which would be uneconomical to litigate individually.')  The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

*Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628-629 (E.D.Pa 1994).

Class certification will provide an efficient and appropriate resolution of the controversy.

*Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988).

## V.    CONCLUSION

The proposed classes meet the requirements of Rules 23(a) and (b)(3).  Plaintiff respectfully requests that this Court certify this action as a class action.

Respectfully submitted,

s/ Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603-3593
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service:  courtecl@edcombs.com

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

13

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on December 8, 2014, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system. I further certify that the foregoing document will be sent via U.S. Mail to:

Jonathan D. Elliot
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06604

-

s/ Tiffany N. Hardy
Tiffany N. Hardy

EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

14