UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAVA HERMAN,                          :
                                       :
                Plaintiff,             :
                                       :        No. 7:13-cv-04831-CS
v.                                     :
                                       :
COLLECTO, INC., and                    :
US ASSET MANAGEMENT INC.,              :
                                       :
                Defendants.            :
                                       :

## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO CLASS CERTIFICATION

DEFENDANT
COLLECTO, INC. D/B/A EOS/CCA

Jonathan D. Elliot
Michael A. Carbone

ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Blvd.
Bridgeport, CT 06601-1740
Telephone:  (203) 333-9441
Facsimile:  (203) 333-1489
E-Mail:  jelliot@znclaw.com
E-Mail: mcarbone@znclaw.com

Its Attorneys

January 16, 2015

# TABLE OF CONTENTS

Page(s)

Table of Contents ............................................................... ii

Table of Authorities............................................................ iii, iv, v

Preliminary Statement ........................................................ 1

I.    AS A THRESHOLD MATTER, PLAINTIFF'S CONSUMER AGREEMENT
      PRECLUDES CLASS RELIEF ........................................... 3

II.   THE FEDERAL RULE 23 STANDARD........................................ 6

III.  THE ELEMENTS OF AN FDCPA CLAIM; PROOF OF A VIOLATION
      REQUIRES EVIDENCE BEYOND THE LETTER IN QUESTION ............. 10

IV.   PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF
      DEMONSTRATING COMPLIANCE WITH ALL REQUIRED ELEMENTS
      UNDER FEDERAL RULE 23(a) ....................................... 13

      A.  Plaintiff's Class Definition Is Seriously Flawed ...................... 13

      B.  The Record Is Insufficient To Establish Numerosity.................... 15

      C.  The Record Is Insufficient To Establish Commonality And
          Typicality ......................................................... 18

      D.  Plaintiff Has Not Met His Burden Of Establishing His Own
          Adequacy Or That Of Proposed Class Counsel ...................... 20

V.    EVEN ASSUMING THAT THE PLAINTIFF HAS MET HIS BURDEN OF
      PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED
      BECAUSE THE PLAINTIFF HAS NOT MADE ANY SHOWING TO
      SATISFY RULE 23(b)............................................... 22

CONCLUSION.................................................................. 24

# TABLE OF AUTHORITIES

Cases:                                                                     Page(s)

*Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980)............................................ 13

*American Express Co. v. Italian Colors Restaurant*, 133 S.Ct. 2304
    (2013) ................................................................................................... 6

*Beal v. Himmel & Bernstein LLP*, 615 F. Supp. 2d 214 (S.D.N.Y. 2009) ............ 10

*Booshada v. Providence Dane LLC*, 462 Fed. Appx. 331 (4th Cir. 2011)............ 14

*Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340 (E.D.N.Y. 2009) ...................... 8

*Boyd v. J.E. Robert Co., Inc.*, 765 F.3d 123 (2d Cir. 2014)................................. 10

*Clement v. American Honda Finance Corp.*, 176 F.R.D. 15 (D. Conn. 1997)..... 8

*Cohen v. American Credit Bureau, Inc.*, 2012 WL 8477429
    (D.N.J. Mar. 13, 2012) ............................................................................. 9

*Cortlandt Street Recovery Corp. v. Hellas*, 996 N.Y.S.2d 476
    (N.Y. Sup.Ct. 2014) ................................................................................. 4

*Danaher Corp. v. Travelers Indem. Co.*, 2014 WL 7008938 *9
    (S.D.N.Y. 2014) ....................................................................................... 4

*Deflumer v. Overton*, 176 F.R.D. 55 (N.D.N.Y. 1997)........................................ 16, 17

*Diaz v. Residential Credit Solutions, Inc.*, 297 F.R.D. 42 (E.D.N.Y. 2004) ......... 16, 18

*Driver v. Helms*, 74 F.R.D. 382 (D.R.I. 1972) .................................................... 13

*Eisen v. Carlisle and Jacquelin*, 417 U.S. 156 (1974)........................................ 8

*Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968)................................. 20

*Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.*, 655 F. Supp. 1281
    (S.D.N.Y 1987) ........................................................................................ 8

*Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176 (2d Cir.) ................. 7

*General Tel. Co. v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364 (1982)...................... 7

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998) ................. 10

*In re Colonial Partnership Litigation*, 1993 WL 306526 (D. Conn. February 10, 1993) ................................................................. 8

*In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006)....... 13, 17

*Jankowski v. Castaldi*, 2006 WL 118973 (E.D.N.Y. January 13, 2006) .............. 18

*Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418 (S.D.N.Y. 2009)..................... 15

*JLM Industries, Inc. v. Stolt-Nielson SA*, 387 F.3d 163 (2d Cir. 2004)................ 5

*Kingsepp v. Wesleyan Univ.*, 1992 WL 230136 (S.D.N.Y. Sept. 3 1992) .......... 21

*Lucy v. Bay Area Credit Svc LLC*, 792 F.Supp.2d 320 (D. Conn. 2011)............. 5

*Mabe v. GC Services Ltd. Partnership*, 32 F.3d 86 (4th Cir. 1994)..................... 10

*McKernan v. United Technologies Corp.*, 120 F.R.D. 452 (D. Conn. 1988) ....... 8

*Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296 (N.D. Cal. 2012)................................................................................. 13

*Sanders v. Jackson*, 209 F.3d 998 (7th Cir. 2000) ............................................ 9

*Schuh v. Druckman Sinel, LLP*, 751 F.Supp.2d 542 (S.D.N.Y. 2010) ............... 10

*Shetiwy v. Midland Credit Management*, 959 F.Supp.2d 469 (S.D.N.Y. 2013)... 5, 6

*Spagnola v. Chubbs Corp.*, 264 F.R.D. 76 (S.D.N.Y. 201) ................................ 13

*Staub v. Harris*, 626 F.2d 275 (3rd Cir. 1980)..................................................... 10

*Stinson v. City of New York*, 2012 WL 1450553 (S.D.N.Y. April 23, 2012)......... 7

*Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) .............................................................. 10

*Wal-Mart Stores, Inc. v. Dukes*, ____ U.S. ____, 131 S.Ct. 2541 (2011) ...........6, 7, 8, 19

*Weber v. Goodman*, 9 F.Supp.2d 163 (E.D.N.Y. 1998)...................................... 14

*Zimmerman v. HBO Affiliate Group*, 824 F.2d 1163 (3rd Cir. 1987) ................... 10

Statutes:

Fed. R. Civ. P. 23 ...............................................................................3,6,8,9,16,19,21,24

Fed. R. Civ. P. 23(a) ..........................................................................................7,8,13,15,22
Fed. R. Civ. P. 23(a)(1) ...................................................................................... 16
Fed. R. Civ. P. 23(a)(2) ......................................................................................18,19
Fed. R. Civ. P. 23(a)(3) ......................................................................................18,19
Fed. R. Civ. P. 23(a)(4) ......................................................................................20
Fed. R. Civ. P. 23(b) ..........................................................................................22, 24
Fed. R. Civ. P. 23(b)(3) ......................................................................................22, 8
Fed. R. Civ. P. 23(b)(3)(A-D) ............................................................................9
15 U.S.C. § 1692(a)(5) ........................................................................................2, 10, 14
15 U.S.C. § 1692e ...............................................................................................2, 11
15 U.S.C. § 1692e(2) ..........................................................................................2, 11
15 U.S.C. § 1692e(10) ........................................................................................2, 11
15 U.S.C. § 1692e(14) ........................................................................................2
15 U.S.C. § 1692g ...............................................................................................2, 11
15 U.S.C. § 1692g(a)(3-5) ..................................................................................2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAVA HERMAN,                                          :
                                                       :
                          Plaintiff,                   :
                                                       :        No. 7:13-cv-04831-CS
v.                                                     :
                                                       :
COLLECTO, INC., and                                    :        **DEFENDANTS' MEMORANDUM**
US ASSET MANAGEMENT INC.,                              :        **IN OPPOSITION TO CLASS**
                                                       :        **CERTIFICATION**
                          Defendants.                  :
                                                       :

## PRELIMINARY STATEMENT

In 2009, the plaintiff opened two accounts from AT&T Mobility, a cellular

service provider.  Plaintiff contends that the accounts, providing multiple cell

numbers, were for personal use by herself and members of her family.  In

connection with the opening of her accounts, the plaintiff entered into a Wireless

Customer Agreement that governed the accounts.

At a later time, the accounts went into default, and the plaintiff's services

were terminated by AT&T.  Afterwards, the accounts were sold to creditor U.S.

Asset Management, Inc. ("USAM").  The accounts were placed for collection with

Collecto, Inc. ("Collecto").

Collecto wrote an initial collection letter concerning the accounts.  The

letter identified the creditor client of Collecto as "US ASSET MANAGEMENT

INC" and the Original Creditor, as "AT&T MOBILITY" ("AT&T").  *See* Complaint,

Ex. "A" (Doc.No.1).  The letter provided the last 4 digits of the AT&T account

number for one of the accounts.  The total amount due was provided for both

accounts, with the amount for the second account being referenced in a field

labeled "Other Accounts."  The second account was not described using a separate account number.

The letter advised plaintiff of her right to "dispute the validity of this debt, or any portion thereof," or seek verification of the debt disclosures required by the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692g(a)(3-5). Although plaintiff at her deposition could not recall the basis for any dispute she may have had about the debt (Herman Dep. at 27), she wrote to Collecto seeking "verification" of the debt as permitted by 15 U.S.C. § 1692g.  Collecto responded by providing such verification.

Despite the fact that there had been no harassment or abuse and plaintiff had made a verification request to which defendant Collecto responded, plaintiff nonetheless took the letter to counsel who initiated the instant complaint, initially framing it as a class action asserting two claims, as follows:

(1)     Plaintiff claimed that use of the trade name EOS CCA violated the prohibition of 15 U.S.C. §§ 1692e and 1692e(14); and

(2)     By not "identifying" the "Other Account" defendant allegedly violated 15 U.S.C. §§ 1692g, 1692e, 1692e(2) and 1692e(10).

Defendants' counsel was able to persuade plaintiff's counsel that the first of the above claims was utterly meritless, and so it has been abandoned by plaintiff (See Doc. Nos.17 & 18).  Plaintiff's second claim remains, and plaintiff seeks to certify a class relating to such claim.

In discovery, plaintiff learned that there are 9003 Collecto accounts in the class period for which a letter refers to more than one account and discloses a

balance for "Other Accounts."  On that basis alone plaintiff claims to be entitled to class certification.  Plaintiff, however, has not presented a record from which any identifiable, ascertainable, sufficiently numerous and similarly situated class may be identified or determined.  Defendants hereby oppose the Motion because it is based upon little more than a formulaic recitation of the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") and conclusory arguments that the requirements are met in this case merely because it involves a type of letter sent to 9003 recipients.

Plaintiff's largely boilerplate Memorandum in Support of Plaintiff's Motion for Class Certification (the "Brief"; Doc.No.46) is devoid of any real legal analysis and grossly oversimplifies plaintiff's heavy burden to demonstrate the appropriateness of a class action.  Plaintiff presents a record that is woefully inadequate to justify class certification.  The "rigorous analysis" required under applicable case law is missing completely, and these deficiencies cannot be cured in a reply memorandum.  Class certification may not be based upon mere assumptions and speculation by counsel, and should be denied.

## I.   AS A THRESHOLD MATTER, PLAINTIFF'S CUSTOMER AGREEMENT PRECLUDES CLASS RELIEF

Plaintiff admits to opening two accounts with AT&T in 2009, allegedly for personal or family purposes.  (*See* Herman Dep. at 40).  These unpaid accounts were sold in 2012 to USAM, a defendant herein who, in turn, placed it for collection with its parent company, Collecto, Inc., another defendant.

USAM, as AT&T's successor, acquired all of AT&T's rights under the relevant agreements with AT&T.  Accordingly, it stands in the shoes of AT&T with

3

respect to Ms. Herman's agreement with AT&T.  *See Danaher Corp. v. Travelers Indem. Co.*, Slip Op., 2014 WL 7008938 *9 (S.D.N.Y.2014) (in comparing contribution with assignment, the court held that "[a]ssignment, on the other hand, is a contractual transfer of a right, interest, or claim from one person to another.  An assignee stands in the shoes of the assignor . . . ."); *see also Cortlandt Street Recovery Corp., v. Hellas*, Slip Op., 996 N.Y.S.2d 476, 489 (N.Y. Sup. Ct. 2014) (stating that "[a]n assignee stands in the shoes of an assignor and thus acquires no greater rights than its assignee").

The Wireless Customer Agreement governing the accounts and referred to in the AT&T agreement with plaintiff contains a number of provisions concerning class relief.  In initiating this action and requesting class certification, plaintiff ignores entirely her underlying agreement with the creditor.  The Wireless Customer Agreement provides, in relevant part, as follows:

At page 4 in provisions governing dispute resolution, it states in bold type: "**[C]lass arbitration and class actions are not permitted**".  *See* AT&T Aff., Exhibit 2, p. 4).  At page 4 it states, in bold print: "**You agree that, by entering into this Agreement you and AT&T are each waiving the right to a trial by jury or to participate in a class action.**" *See* AT&T Aff., Exhibit 2, p. 4).  At page 5, in bold print, all capitals, the Wireless Customer Agreement states: "**YOU AND AT&T AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN YOUR OR ITS INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.**" *Id.*

4

The Wireless Customer Agreement, at page 4, defines the term "AT&T" or "us" to "include our respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors, and assigns, as well as all authorized users or beneficiaries of services or devices under this or prior Agreements between us."

Defendant USAM is clearly a "successor" under this agreement and entitled to the benefit of its terms.  The contract also extends to affiliates or agents of the account owner, and therefore defendant Collecto, Inc. should be included within the terms of the agreement.

Even if one were to argue that the contract does not expressly apply to Collecto as though it were a party to the agreement, just as arbitration clauses may be extended to non-signatory corporate affiliates under a theory of estoppel (*see JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004) (holding that "[o]ur cases have recognized that under principles of estoppel, a non signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute ...."; *see also Lucy v. Bay Area Credit Svc LLC*, 792 F.Supp.2d 320, 326 (D.Conn.2011) (noting that in "[*JLM Industries, Inc.*], the parties seeking to compel arbitration were corporate parents of the signatory....); so, too, should the class action waiver language contained in the contract apply to plaintiff's dealings with Collecto.  *See Shetiwy v. Midland Credit Management*, 959 F.Supp.2d. 469, 475 (S.D.N.Y.2013) (holding that the "Supreme Court has made clear that a generalized intent to vindicate statutory rights cannot override the FAA'S mandate that courts enforce arbitration clauses, including those with

class action waivers, as written.… [N]othing in … FDCPA indicates a clear congressional intent to promote class recovery").

In this case, the class action waiver language in the agreement was emphasized using bold print and capital letters.  Plaintiff's signatures verify that the Wireless Customer Agreement governs her accounts.  (AT&T Aff., Ex. 1).

Class action waivers are not unusual in consumer transactions, and many courts, including the United States Supreme Court have found them enforceable. *See American Express Co., v. Italian Colors Restaurant,* 133 S.Ct. 2304, 2310-11 (2013) (stating, "we had no qualms in enforcing a class waiver in an arbitration agreement even though the federal statute at issue . . . expressly permitted collective actions."); *see also Shetiwy,* 959 F.Supp.2d at 475.

As a result of plaintiff entering into agreements concerning the subject accounts that preclude class relief, plaintiff's Motion should be denied for this reason alone.  In the event that the Court rules otherwise and finds it necessary to address the requirements of Rule 23, Defendant asserts that on the sparse record submitted by plaintiff, such requirements have not been met, and class certification is not warranted.

## II.    THE FEDERAL RULE 23 STANDARD

Class certification is governed by Rule 23.  The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, __ U.S. __, 131 S. Ct. 2541, 2550 (2011) (citing *Califano v. Yamasaki,* 442 U.S. 682, 700–01 (1979)).  Under the standard announced by the United States Supreme Court

and applied in this Circuit, a class "may only be certified if the trial court is satisfied, *after a rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 2372 (1982) (emphasis added); *Gary Plastic Packaging Co. v. Merrill Lynch*, 903 F.2d 176, 180 (2d Cir.), *cert. denied*, 489 U.S. 1025, 111 S. Ct. 675 (1991); *Wal-Mart Stores, Inc.,* 131 S. Ct. at 2551.

Under Rule 23(a), the party seeking certification must demonstrate that:

(1)   the class is so numerous that joinder of all members is impracticable,

(2)   there are questions of law or fact common to the class,

(3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"Rule 23(a) ensures that the named plaintiffs must be appropriate representatives of the class whose claims they wish to litigate.  The Rule's four requirements -- numerosity, commonality, typicality, and adequate representation -- effectively limit the class claims to those fairly encompassed by the named plaintiff's claims."  (Internal quotation marks omitted).  *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2550 (citing *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 156 (1982).  The party seeking class certification bears the "heavy burden" of establishing that each of these prerequisites has been met by a "preponderance of the evidence following a court's rigorous analysis." *Stinson v.*

*City of New York*, 2012 WL 1450553 (S.D.N.Y. April 23, 2012); *McKernan v. United Technologies Corp.*, 120 F.R.D. 452, 453 (D. Conn. 1988).

In *Wal-Mart Stores*, the United States Supreme Court reiterated that "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551. It is incontrovertible that plaintiff has the burden of proving that the proposed class action satisfies each and every element under Rule 23. *E.g., Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 163 (1974); *Elliot Assoc. v. J. Henry Schroeder Bank & Trust Co.,* 655 F. Supp. 1281 (S.D.N.Y. 1987), aff'd 838 F.2d 66 (2d Cir. 1988). The absence of any one element under Rule 23 justifies denial of class certification. *Boyd v. Interstate Brands Corp.*, 256 F.R.D. 340, 342 (E.D.N.Y. 2009); *In re Colonial Partnership Litigation*, 1993 WL 306526, *13 (D. Conn. February 10, 1993). "Failure to comply with even one of the requirements of Rule 23(a) is fatal to a motion for class certification." *E.g., In re Colonial Partnership Litigation*, 1993 WL 306526, *13 (D. Conn. 1993).

In addition, when plaintiffs seek to maintain a class action under Rule 23(b)(3), they must also show that common questions predominate over any questions affecting only individual members and that a class action is superior to other available methods for fair and efficient adjudication of the controversy. *See Clement v. American Honda Finance Corp.*, 176 F. R. D. 15 (D. Conn. 1997). The matters pertinent to the superiority finding include: "(A) the interest of members of the class in individually controlling the prosecution or defense of

separate actions . . . and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A-D).

In view of the rigorous inquiry that this Court must utilize under Rule 23, this Court should be mindful of the potential abuses of the class action device, especially under the FDCPA. The Seventh Circuit expressed such concerns in the case of *Sanders vs. Jackson*, 209 F.3d 998 (7th Cir. 2000), in which the Seventh Circuit Court of Appeals noted, citing to Judge Winter of the Second Circuit:

> [T]he driving force behind these cases is the class action attorneys. They have a strong incentive to litigate these cases – oftentimes despite their marginal impact – in the form of attorneys' fees and costs they hope to recover . . . Not surprisingly, then, "FDCPA litigation is a breeding ground for class actions. Lawrence Young & Jeffrey Coulter, *Class Action Strategies in FDCPA Litigation*, 52 Consumer Fin. L.Q. Rep. 61, 70 (1998). It is these attorneys' fees which are a significant inducement for FDCPA class action lawsuits. 109 F.3d at 344; *see Goldberger v. Integrated Solutions, Inc.*, No. 99-7198, 2000 WL 320447, at 10 (2d Cir. Mar. 28, 2000) (in many class action cases the plaintiffs "are mere 'figureheads' and the reason for bringing such actions is 'the quest for attorney's fees.' "). Unfortunately, as Judge Winter of the Second Circuit has noted, these attorney fees strongly encourage class actions, many of which are frivolous. *See* Ralph K. Winter, *Paying Lawyers Empowering Prosecutors, and Protecting Managers: Raising the Cost of Capital in America,* 42 Duke L. J. 945, 949 (1993). The history of the FDCPA litigation shows that most cases have resulted in limited recoveries for plaintiffs and hefty fees for their attorneys . . . . [C]ases illustrate "the all-too-common abuse of the class action as a device for forcing the settlement of meritless claims and is thus a mirror image of the abusive tactics of debt collectors at which the statute is aimed." *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000).

209 F.3d at 1003-04. As noted in *Cohen v. American Credit Bureau, Inc.*, 2012 WL 8477429 (D.N.J. Mar. 13, 2012), "The FDCPA was not passed in order to

sprout a cottage industry for lawyers who self-interestedly battle over attorney's fees in federal court."

## III. THE ELEMENTS OF AN FDCPA CLAIM; PROOF OF A VIOLATION REQUIRES EVIDENCE BEYOND THE LETTER IN QUESTION

In order to establish a violation of the FDCPA, a plaintiff must establish that a "debt collector" was seeking to collect a "debt." *Schuh v. Druckman Sinel, LLP*, 751 F.Supp.2d 542, 548 (S.D.N.Y. 2010). A "debt" is defined as an obligation to pay for goods or services incurred for "personal, family or household purposes." 15 U.S.C. § 1692a(5). If there is no "debt," there can be no claim under the FDCPA. *E.g., Mabe v. GC Services Ltd. Partnership*, 32 F. 3d 86, 88 (4th Cir. 1994).

The FDCPA does not extend to every circumstance involving the collection of money. Years of FDCPA jurisprudence confirms that there are numerous types of financial obligations that fall outside the definition of a debt under the FDCPA. *E.g., Boyd v. J.E. Robert Co., Inc.*, 765 F.3d 123, 126-5 (*per curiam*) (2d Cir. 2014) (tax liens); *Hawthorne v. Mac Adjustment, Inc.*, 140 F. 3d 1367 (11th Cir. 1998) (subrogation claim based upon a tort); *Zimmerman v. HBO Affiliate Group*, 824 F.2d 1163 (3rd Cir. 1987) (tort); *Beal v. Himmel & Bernstein LLP*, 615 F.Supp. 2d 214, 217 (S.D.N.Y. 2009) (court ordered attorney fees); *Staub v. Harris*, 626 F.2d 275, 278 (3rd Cir. 1980) (FDCPA not applicable to commercial obligations).

Plaintiff must also show that the debt collector violated a provision of the FDCPA. *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044 (S.D.N.Y.

Sept. 8, 2011).  Sometimes a violation may be shown on the face of the letter, and sometimes facts beyond the letter are necessary to show any violation.

In this case, plaintiff has not articulated the manner in which she intends to prove any of the violations she claims in the action, instead claiming conclusorily that defendant's letter violates §§ 1692g, 1692e, 1692e(2) and 1692e(10) by not "identifying" the "other" account(s) referenced in the letter.[1]  Without analyzing the legal elements of these claims, one cannot know who is in the class and who is not.

If plaintiff claims that there was information missing from the letter in question, plaintiff must demonstrate that such information was not provided in other correspondence sent to the consumer.  As to many of the letter recipients, defendant mailed other correspondence regarding the "other" accounts supplying any allegedly missing information.  Under § 1692g, the defendant must provide a written notice containing certain information relating to the debt.  For each account of potential class members, such information may have been set forth in a separate letter other than the type of letter received by plaintiff.  To determine whether such disclosures have been made for multiple accounts, one must examine all the disclosures relating to each account.  One cannot determine whether there is a violation of § 1692g in a particular letter without determining whether such letter is the only letter containing the required disclosures.  Plaintiff has made no attempt to analyze whether the violation plaintiff claims was suffered by anyone else.

---

[1] As an aside, no provision of the FDCPA requires that the letter in question "identify" the accounts.  Defendant was not required to provide account numbers in the letter, only the minimum information required by 15 U.S.C. § 1692g.

If plaintiff claims that the letter in question contains a misrepresentation, plaintiff must provide evidence of the correct information.  For example, if plaintiff claims that a letter misrepresents the name of the creditor to whom the debt is owed, plaintiff must show that the account has a creditor other than represented in the letter.

Plaintiff has made no showing that the debts of any person other than the named plaintiff was incurred primarily for personal, family or household purposes or otherwise constitute a debt subject to the FDCPA.  The accounts of the 9003 letter recipients include numerous different creditors, with differing types of debt, many of which are not subject to the FDCPA (i.e., commercial debts, tax debts). Even as to debts which could possibly be consumer debt, such as wireless services, plaintiff has produced no evidence that any prospective class member incurred consumer, as opposed to business, debt.  Moreover, there is no administrative or ministerial way to identify potential consumer debtors in the proposed class.

All of the foregoing elements require proof and analysis of numerous individualized facts outside the mere receipt of a letter.  On the evidentiary record presented, plaintiff has not shown that there is even a single similarly situated class member who has experienced a violation.

IV.   **PLAINTIFF FAILS TO MEET THE HEAVY BURDEN OF DEMONSTRATING COMPLIANCE WITH ALL REQUIRED ELEMENTS UNDER FEDERAL RULE 23(a)**

A.    **Plaintiff's Class Definition Is Seriously Flawed**

In order to pursue a claim on a class-wide basis, plaintiff must allege a reasonably defined class of similarly situated plaintiffs. *Adashunas v. Negley*, 626 F. 2d 600 (7th Cir. 1980). The class definition should allow membership in the class to be readily determined. *In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 30, 44-45 (2d Cir. 2006); *Ries v. Arizona Beverages USA LLC*, 84 Fed. R. Serv. 3d 296 (N.D. Cal. 2012) ("[C]ourts have held that the class must be adequately defined and clearly ascertainable before a class action may proceed. The class definition must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member."). Furthermore, the definition should avoid the necessity of individual factual determination or entanglement in the ultimate legal issue in the case. *E.g., Spagnola v. Chubbs Corp.*, 264 F.R.D. 76, 97 (S.D.N.Y. 2010); *Driver v. Helms*, 74 F.R.D. 382, 402 (D.R.I. 1972) (class definition presumed unlawful conduct).

Plaintiff's Motion seeks to certify a class as to "(a) all individuals in New York (b) to whom Collecto, Inc., sent a letter referring to 'other accounts' (c ) which 'other accounts' are in an amount other than $0.00 (d) where the letter was sent on or after July 11, 2012 and on or before July 31, 2013." Motion, Doc.No.46 at 1. Interestingly, plaintiff's purported class definition does not even require that the letter in question relate to a consumer debt, without which the

13

claim fails as a matter of law.  Even if the definition had appropriately required a consumer debt, proof of same would be a practical impossibility—the plaintiff will not introduce testimony or documents from the 9003 letter recipients to prove that the debts sought to be collected were even subject to the FDCPA.

Any plaintiff under the FDCPA must prove, as a threshold matter, that the underlying debt in question was incurred for personal, family or household purposes.  15 U.S.C. §1692a(5).  If there is no "debt" within the meaning of the FDCPA, there can be no claim under the FDCPA.  E.g., *Weber v. Goodman*, 9 F.Supp.2d 163, 168 (E.D.N.Y. 1998) (noting that the FDCPA does not apply to non-consumer debt).  In the absence of evidence that the claim of a proposed class member involves consumer debt, the person cannot be a member of any FDCPA class - - the claim fails.  *E.g., Booshada v. Providence Dane LLC*, 462 Fed. Appx. 331, 335-6 (4th Cir. 2011).

Plaintiff attempts to define the class by relying entirely on a purported admission - - namely, that "defendants have represented that there are 9003 accounts that satisfy the class definition."  Brief at 7, Doc.No.48.  However, this is a mischaracterization.  Defendants do not agree with plaintiff's class definition, do not agree that the 9003 letter recipients are similarly circumstanced, and do not agree that they constitute a certifiable class.  Defendants have represented *only* that there are 9003 accounts that *received* a particular type of letter.  The distinction is essential because facts well beyond the mere 9003 letters must be shown to determine the identity of any class member and whether there exists a violation of the FDCPA.

Plaintiff has not demonstrated how one could easily determine from a ministerial review of readily available records whether any of the proposed class members are consumers under the FDCPA. *See Jermyn v. Best Buy Stores, L.P.*, 256 F.R.D. 418, 432 (S.D.N.Y.2009). In fact, such a determination would be impossible without an individualized inquiry into the facts and circumstances of each letter recipient's debt. There is not a single assertion of fact in plaintiff's Complaint, Motion, Brief or otherwise in the record identifying any other possible class member similarly circumstanced to plaintiff—not one. Neither plaintiff nor defendant has knowledge as to whether any of the 9003 letters seek to collect amounts from purported class members that were incurred primarily for personal, family or household purposes or for business or other purposes not subject to the FDCPA. Such facts may not be derived readily from defendants' records, and proof of the appropriate personal or household use would require 9003 individualized inquires into the circumstances of each purported class member. Although plaintiff can testify that her account balances were incurred for personal purposes, she has no knowledge as to whether the obligations of others are consumer debts. Plaintiff's class definition indiscriminately includes all letter recipients regardless of whether the underlying debt is a consumer debt subject to the FDCPA. The absence of such information for putative class members is fatal to the class claim.

## B.   The Record Is Insufficient To Establish Numerosity

The first requirement under Rule 23(a) is numerosity. "One or more members of a class may sue or be sued as representative parties on behalf of all

only if (1) the class is so numerous that joinder of all members is impracticable . .

. . " Fed. R. Civ. P. 23(a)(1).

In order to satisfy this element of Rule 23, plaintiff has the burden of

demonstrating the number of prospective plaintiffs in the putative class. *See*

*Deflumer v. Overton*, 176 F.R.D. 55, 58 (N.D.N.Y. 1997).  Although an absolutely

precise number is not necessarily required as a prerequisite for class

certification, there must be a reasonable basis for an inference that the class, as

defined by plaintiff, is sufficiently numerous that joinder is impracticable.  *Id.*

Further, "while evidence of exact size or identity of class members is not

required, a plaintiff cannot rely on pure speculation and bare allegations."

(Internal quotation marks omitted).  *Diaz v. Residential Credit Solutions, Inc.*, 297

F.R.D. 42, 49 (E.D.N.Y.2004) (*citing Flores v. Anjost Corp.*, 284 F.R.D. 112, 123

(S.D.N.Y.2012)).  Therefore, the evidence presented by a plaintiff must be more

than the conclusory assertions of counsel, which assertions are wholly

insufficient to meet the requirements of Rule 23(a)(1).  *See id.*

Apart from the deficiencies in the class definition, plaintiff has not

demonstrated that there is a sufficiently numerous class of similarly situated

plaintiffs to warrant class certification.  Plaintiff, out of nothing more than pure

speculation, makes a bare, conclusory assertion that the 9003 letter recipients

satisfy the class definition and numerosity requirement.  Yet, there has been no

showing from Defendants' records or otherwise that *any* of the 9003 recipients'

accounts concern debts covered by the FDCPA.  The 9003 account letters

involve wireless accounts.  It is plain in today's world almost everyone utilizes cell

phones, iPads and a myriad of other wireless electronic devices, all of which require wireless service. These devices are used for both business or personal purposes. It is well beyond defendants' or plaintiff's ministerial capability to determine whether any of the 9003 letter recipients are consumers under the FDCPA. A determination of the number of potential class members requires an individualized examination of each account. Such an inquiry would be tantamount to 9003 mini-trials, which is completely contrary to the supposed efficiencies of a class action.

If all the potential class members had medical debt we could know without further inquiry that the debts are covered by the FDCPA. Not so, in this case, and the plaintiff is not excused from meeting this essential requirement.

The record is devoid of any proof whatsoever as to the potential number of class members. Plaintiff has chosen to move for class certification based entirely on a meaningless number, 9003, with no record to support the recipients' membership in any class. There mere fact that 9003 recipients received a similar letter is legally insufficient and the "class" as claimed in not readily determinable. *See In re Initial Public Offering Securities Litigation*, 471 F.3d 24, 30, 44-45 (2d Cir. 2006) (holding that the class must be readily discernible). Plaintiff and this Court are left to sheer speculation whether there exists *any* number at all of similarly situated plaintiffs to comprise a class. Certainly, plaintiff has introduced no evidence here which would provide a "reasonable basis for an inference that the class, as defined by plaintiff, is sufficiently numerous." *See Deflumer*, 176 F.R.D. 55, 58. Such a lack of evidence also renders it extremely difficult, if not

impossible, for this Court in assessing numerosity to "make common sense assumptions without the need for precise quantification of the class." *See Diaz,* 297 F.R.D. at 49.

Plaintiff has therefore failed to satisfied the numerosity requirement, making class certification improper.

### C. The Record Is Insufficient To Establish Commonality And Typicality

Rule 23(a)(2) requires there to be "questions of law or fact common to the class" and Rule 23(a)(3) requires "the claims or defenses of the representative parties [to be] typical of the claims or defenses of the class." The "commonality and typicality requirements tend to merge because both serve as guideposts for determining whether the named plaintiff's claim and the class claims are so inter-related that the interests of the class members will be fairly and adequately protected in their absence." *Jankowski v. Castaldi,* 2006 WL 118973 (E.D.N.Y. January 13, 2006). Plaintiff's request for class treatment is affected by the need to make 9003 individualized determinations that are inconsistent with the class action vehicle.

Plaintiff states in conclusory fashion that the "common nucleus of operative fact ... is that defendants included 'other accounts' without identifying them.... This gives rise to the common legal question of whether it is illegal to do this." Doc.No.48 at 15 of 21. In an equally conclusory manner, plaintiff contends that "typicality is inherent in the class definitions[] [and that] [b]y definition, each of the class members has been subject to the same treatment as plaintiff." *Id.* At

best, plaintiff's assertions are misguided and inadequate to satisfy the requirements of Rule 23(a)(2) and (3).

In *Wal-Mart Stores*, the Supreme Court analyzed the commonality component of Rule 23.  The Supreme Court stated that the "language [of Rule 23] is easy to misread, since any competently crafted class complaint literally raises common questions."  (Internal quotation marks omitted; internal citations omitted).  131 S.Ct. at 2251.  Commonality requires that the class members have suffered the *same injury*.  (Emphasis added).  *Id.*  The Court continued stating that "[t]his does not mean merely that they have all suffered a violation of the same provision of law."  *Id.*  The mere assertion that all have suffered a violation of the FDCPA does not establish that "all their claims can productively be litigated at once."  *Id.*

Plaintiff's conclusory assertions are an example of a plaintiff claiming a violation under the FDCPA without making even a cursory showing that the potential class members have suffered the *same injury or violation*.  This is because of the complete lack of any evidence to demonstrate that even a single recipient of the 9003 letters is similarly circumstanced to plaintiff.  The universe of 9003 accounts indiscriminately includes different creditors with different types of debt and claims of violation in different circumstances.  Plaintiff has made no attempt to deal with these potential differences.  Moreover, plaintiff's failure to present any evidence that the collection letters involve consumer debts renders her claims not capable of class wide resolution.  *See Wal-Mart Stores*, 131 S.Ct. 2551 (holding that "common contention . . . must be of such a nature that it is

capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke").   Absent evidence to support the commonality of the claims, the typicality requirement cannot be satisfied.

Lastly, while plaintiff claims that the "addresses of all persons who comprise the class can be determined from a ministerial review of the defendants' records[]", she fails to deal with the obvious fact that the addresses alone cannot breathe life into a class without inquiring as to the nature of the debt and whether there was a violation.  An individualized inquiry into each and every of the 9003 purported class members is required to determine whether the debt is subject to the FDCPA.  Such an inquiry is not simple and cannot be determined ministerially from any readily available set of records, and any individual's specific use of their account and the proportion of that use that is for business purposes will vary greatly.  Plaintiff has supplied no evidentiary record on which to base any evaluation of commonality or typicality of the claims in this case.  Again, plaintiff relies only on speculation and assumption by counsel.

**D.   Plaintiff Has Not Met His Burden Of Establishing His Own Adequacy Or That Of Proposed Class Counsel**

The focus of Rule 23(a)(4) is (i) the adequacy of counsel retained to represent the class and (ii) the ability of the named plaintiff to fairly and adequately protect the interests of the class.

To satisfy the Rule 23(a)(4) adequacy of representation requirement, plaintiff must demonstrate that she has retained adequate class counsel. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968) *vacated on other*

20

*grounds*, 417 U.S. 156 (1974). A court must scrutinize whether plaintiff's counsel is qualified, experienced and generally able to conduct the litigation. *Id.* In assessing the adequacy of counsel, a court may examine class counsel's conduct in both: (1) prior litigations and (2) the putative class action before the court. *Kingsepp v. Wesleyan Univ.*, 1992 WL 230136 (S.D.N.Y.1992). In *Kingsepp*, this Court found class counsel to be inadequate because the plaintiff's memorandum "quoted large portions of text in the place of argument, analysis, or discussion . . . as if the mere incantation of published text will have some talismanic significance . . . . Significantly, [the plaintiff's] memorandum in support of class certification provided little more than a recitation of the requirements of Rule 23 and conclusory statements that the requirements are met in this case." *Id.* at *2.

Here, plaintiff's submission is similarly lacking. Plaintiff's counsel makes conclusory allegations that class certification is appropriate because she is complaining about 9003 letters, with nothing more. Indeed, plaintiff's counsel's boilerplate recitation of the law and minimal, if any, legal analysis illustrates counsel's inadequacy in this case. *See generally* Doc.Nos.46 & 48. As in *Kingsepp*, plaintiff's conduct in this action, namely submitting the Motion and Brief for class certification, devoid of relevant analysis or argument tailored to the issues and facts in this action as required by Rule 23, provides a basis for this Court to conclude that plaintiff does not satisfy the adequacy of counsel requirement.

**V.    EVEN ASSUMING THAT PLAINTIFF HAS MET HIS BURDEN OF
       PROOF UNDER RULE 23(a), CERTIFICATION SHOULD BE DENIED
       BECAUSE PLAINTIFF HAS NOT MADE ANY SHOWING TO SATISFY
       RULE 23(b)**

Even if plaintiff were able to prove that all the elements under Rule 23(a)
have been satisfied, which she has not, the Motion should be denied because
plaintiff has made virtually no showing to meet her burden of proving the
elements of Rule 23(b)—in particular, whether a class action is superior to other
available methods to resolve the current controversy and whether common
issues predominate.  This element is governed by Rule 23(b)(3), the provision
under which the plaintiff seeks to proceed here.  Rule 23(b)(3) authorizes a class
action where the prerequisites of Rule 23(a) have been satisfied and where:

> (3)  the court finds that the questions of law or fact common to the
> members of the class predominate over any questions affecting
> only individual members, and that a class action is superior to other
> available methods for the fair and efficient adjudication of the
> controversy.  The matters pertinent to the findings include: (A) the
> class members' interests in individually controlling the prosecution
> or defense of separate actions; (B) the extent and nature of any
> litigation concerning the controversy already begun by or against
> class members; (C) the desirability or undesirability of
> concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23 (b)(3).

Other than a recitation of law, plaintiffs argument as to the superiority of a
class action in this case states, in its entirety, as follows:

> In this case there is no better method available for the adjudication
> of the claims which might be brought by each individual debtor.
> The vast majority of the debtors are undoubtedly unaware that their
> rights are being violated.  In addition, persons from whom
> defendants are attempting to collect debts are, by definition,

22

unlikely to be able to retain counsel to protect their rights on an individual basis.

These statements are either false or unsupported. Plaintiff has submitted no evidence of debtors' awareness or lack thereof of violations, if any. The suggestion that consumer debtors are unable, by definition, to retain counsel, is patently absurd, because plaintiff's lawyers in the FDCPA arena do not generally charge fees to their clients, seeking instead to collect fees from defendants under the fee shifting provisions of the FDCPA. The ability of individuals to retain counsel is demonstrated by the multitude of individual actions filed in this Court and other courts throughout the country.

Moreover, plaintiff's unsupported, boilerplate arguments do not establish the superiority of the class action device in this case. Plaintiff deliberately ignores all of the material, individualized differences relating to the collection of debts for the 9003 letter recipients. There are differing creditors and differing types of debts, many that are commercial or otherwise not subject to the FDCPA, and many others where there is no way to tell whether the debt was used primarily for a commercial or personal purpose. Plaintiff has introduced no evidence as to whether the information which plaintiff claims to be missing from the letter she received was or was not otherwise supplied, either in charts placed on the backs of letters or in other letters sent on one or more of the accounts in question. Plaintiff's indiscriminate approach ignores this analysis seemingly to avoid the necessary kinds of individual inquiries into the circumstances relating to thousands of accounts (18,000 or more) that undermine a class approach. There

23

is no demonstrated reason to conclude that plaintiff's situation is the same as that of anyone else in the purported class.

Having engaged in almost no analysis, rigorous or otherwise, plaintiff chooses to assume or speculate that class relief is appropriate, but that is not the legal standard. When one considers all the potential legal and factual differences, such individualized issues overwhelm anything that might be framed as a class issue, and this flaw in plaintiff's record infects virtually every element of Rule 23 necessary for class certification.

Plaintiff has not met her burden of demonstrating the superiority of the class action device (or any other Rule 23 element), and class certification should be denied.

**CONCLUSION**

For the foregoing reasons, based upon the instant Motion and inadequate record submitted by plaintiff, plaintiff has failed to fulfill the requirements of Rule 23 for class certification. The absence of any meaningful record submitted by plaintiff precludes any determination of the identity or number of class members. Plaintiff ignores the individualized differences between putative class members, the existence of which precludes a finding of commonality and typicality under Rule 23. No affirmative showing has been made as to the adequacy of the representative Plaintiff. Lastly, plaintiff's Motion fails to provide any meaningful supporting analysis of the proposed class action's superiority, ignoring most features of Rule 23(b). Consequently, class certification should be denied.

24

Date: January 16, 2015                    *Respectfully submitted,*

                                          THE DEFENDANT
                                          COLLECTO, INC. d/b/a EOS/CCA

                                          By:_____/s/_____
                                              Jonathan D. Elliot
                                              Michael A. Carbone

                                              Zeldes, Needle & Cooper, P.C.
                                              1000 Lafayette Boulevard
                                              Bridgeport, CT  06604
                                              Tel:    203-333-9441
                                              Fax:    203-333-1489
                                              E-Mail:  jelliot@znclaw.com
                                              E-Mail:  mcarbone@znclaw.com

                                          Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

/s/
Jonathan D. Elliot