11IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------   x
 CHAVA HERMAN,                                       :
on behalf of plaintiff and a class,                  :
                                                     :
                    Plaintiff,                       :
                                                     :
            vs.                                      :        Case No. 13-cv-4831(CS)
                                                     :
COLLECTO INC., and                                   :
US ASSET MANAGEMENT INC.,                            :
                                                     :
                    Defendants.                      :
-------------------------------------------------   x
```

## PLAINTIFF'S OPPOSITION TO DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

Tiffany N. Hardy
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)


Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

i

## <u>TABLE OF CONTENTS</u>

I.    FACTS.................................................................................................1

II.   THE FAIR DEBT COLLECTION PRACTICES ACT....................................3

III.  DEFENDANTS' LETTER....................................................................6

IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED
      BECAUSE THEIR LETTER VIOLATES THE FDCPA....................................7

V.    DEFENDANTS' CASES ARE INAPPLICABLE OR DISTINGUISHABLE ...............11

VI.   DEFENDANTS ARE NOT ENTITLED TO ASK THE COURT TO REFUSE TO
      ENFORCE A DISCLOSURE REQUIREMENT IMPOSED BY CONGRESS ON THE
      GROUND THAT THE INFORMATION IS
      IMMATERIAL.................................................................................14

VII.  CONCLUSION....................................................................19

ii

**TABLE OF AUTHORITIES**

**Cases**

*Akoundi v. FMS, Inc.*, 14 Civ. 366, 2014 WL 3632008, *3 (S.D.N.Y. July 16, 2014) . . . . . . . 18

*Anselmi v. Shendell & Associates, P.A.*, 12-61599, 2014 WL 5471111 (S.D.Fla., Oct. 29, 2014)13

*Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007) . . . . . . . . . 11

*Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) . . . . . . . . . . . . . . . . . 4

*Blarek v. Creditors Interchange*, No. 05 C 1018, 2006 WL 2473348 *1-2 (E.D. Wis. Aug. 25, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Braatz v. Leading Edge Recovery*, 11 C 3835, 2011 WL 9528479 (N.D. Ill. Oct. 20, 2011) . . 10

*Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3rd Cir. 2008) . . 5

*Chrysler Corp. v. FTC*, 561 F. 2d 357 (D.C. Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Clomon v. Jackson*, 988 F.2d 1314, 1318-19, 1320 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . 4

*Deporter v. Credit Bureau of Carbon County d/b/a CollectionCenter, Inc.*, 14cv882, 2015 WL 1932336 (D.Colo., April 28, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Easterling v. Collecto, Inc.*, 692 F.3d 229 (2nd Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Federal Trade Commission v. Pinnacle Payment Services, LLC, et al.*, 1:13cv3455 (N.D.Ga.) 17

*Federal Trade Commission and State of Illinois v. K.I.P., LLC, et al.*, 15cv02985 (N.D.Ill.) . 16

*Federal Trade Commission v. American Credit Crunchers, LLC, et al.*, 12cv1028 (N.D.Ill.) . 17

*Federal Trade Commission v. Broadway Global Master Inc., et al.*, 2:12cv00855-JAM-GGH (E.D.Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Federal Trade Commission v. Williams, Scott & Associates, LLC, et al.*, 1:14cv1599 (N.D.Ga.)17

*Gabriele v. American Home Mtge. Servicing, Inc.*, 503 Fed. Appx. 89, 94 (2d Cir. 2012) . . . 17

*Garo v. Global Credit & Collection Corp.*, CV-09-2506, 2011 U.S. Dist. LEXIS 7737 (D.Ariz. Jan. 26, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) . . . . . . . . . . . . . . . . 5

*Hallstrom v. Tillamook County*, 844 F.2d 598, 600-01 (9th Cir. 1987) . . . . . . . . . . . . . . . . . 15

*Hammett v. AllianceOne Receivables Management, Inc.*, 11-3172, 2011 WL 3819848 (E.D. Pa. Aug. 30, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Motichko*, 395 B.R. 25, 28-29 and n. 3 (Bankr. N.D. Ohio 2008) . . . . . . . . . . . . . . . . 6

*Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . 4

*Johns v. Northland Group, Inc.*, No. 14–2947, 2014 WL 7404131 (E.D.Pa., Dec. 31, 2014) . 13

*Jones v. Midland Funding, LLC.*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) . . . . . . . . . . . . 4

*Kalebaugh v. Berman & Rabin PA*, 13-2288 and 13-2289, 2014 WL 4259150 (D. Kan. Aug. 28, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kassel v. Universal Fidelity LP*, 13cv3756, 2014 WL 824335 (E.D.N.Y., March 3, 2014) . . . 18

*Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) . . . 5

*Kolganov v. Phillips & Cohen Assoc., Ltd.*, No. CV–02–3710, 2004 WL 958038 (E.D.N.Y., April 8, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482, 487(E.D.N.Y. 2013) . . . . . . . . . . . . . . . . 15

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mark v. J. C. Christensen & Assoc., Inc.*, 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012) . . . . . . . . . . . . . . . 14

*Miller v. McCalla Raymer Padrick Cobb Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) 5

*Roberson v. LVNV Funding, LLC*, 2:12cv168, 2014 WL 4748305, *10 (E.D. Tenn., Sept. 23, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Savino v. Computer Credit Inc.*, 164 F.3d 81, 85 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 4

*Smith v. American Revenue Corp.*, 2:04cv199, 2005 WL 1162906 (N.D. Ind., May 16, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8

*Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp.2d 293 (E.D.N.Y. 2005) . . . . . . . . . . .  11

*Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

*Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323 (6ᵗʰ Cir. 2012) . . . . . . . . . . . . . . . . . . . . . .  14

*Walls v. United Collection Bureau, Inc.*, 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 15

*Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4ᵗʰ Cir. 2012) . . . . . . . . . . . . . . . . .  14

*Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp.2d 214, 217 (E.D.N.Y. 2009) . . . . . . . .  5, 10

**Statutes**

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 11, 12, 13

15 U.S.C. §1692e(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 14

15 U.S.C. §1692e(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 12, 14

15 U.S.C. §§1692e(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 14

15 U.S.C. §1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 6, 9, 11, 14, 19

15 U.S.C. §1692g(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 11

15 U.S.C. §1692g(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

15 U.S.C. §1692g(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

15 U.S.C. §1692 *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Plaintiff, Chava Herman, submits this brief in opposition to Defendants' Motion for Summary Judgment. Although plaintiff agrees that there are no material issues of fact present, defendants are not entitled to judgment in their favor.[1] The arguments set forth in Defendants' motion for summary judgment are without merit and as such defendants' motion for summary judgment should be denied.

## I.   FACTS

Plaintiff, Chava Herman, on behalf of herself and a class, filed this instant class action lawsuit against Defendants, Collecto, Inc., and U.S. Asset Management, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, ("FDCPA") arising of a form collection letter defendant  Collecto, Inc., sent on behalf of its wholly owned subsidiary, U.S. Asset Management, Inc.   The letter sent to plaintiff is as follows:

---

[1]   Plaintiff is not cross-moving for summary judgment because a class has not yet been certified and notified.

1



EOS CCA
700 LONGWATER DRIVE
NORWELL, MA 02061

Toll Free : 1-877-917-8770
Phone Number: 1-781-753-4804

January 24, 2013

**Office Hours:**
| | |
|---|---|
| Monday - Thursday: | 8:00 AM - 9:00 PM ET |
| Friday: | 8:00 AM - 5:00 PM ET |
| Saturday: | 8:00 AM - 12:00 PM ET |

## NOTICE OF COLLECTION PLACEMENT

RE:
Your Account with our Client: US ASSET MANAGEMENT INC
Client Reference #: 523006200022
Agency Account #: 5186532
Original Creditor, If different from Client: AT&T MOBILITY

| | | |
|---|---|---|
| Principal: | $ | 1247.94 |
| Interest: | $ | 352.76 |
| Fees/Coll Costs: | $ | 224.54 |
| Other Accounts: | $ | 1360.25 |
| Total Due: | $ | 3185.59 |

US ASSET MANAGEMENT INC has placed your account with us for collection. This is a demand for payment of your debt. We urge you to remit payment to our office, unless you dispute this debt. If you dispute this debt, please see the reverse side of this notice for important rights.

If mailing your payment, please detach the coupon below and include with your payment in the enclosed envelope. Please complete the reverse side of the coupon if you wish to pay your bill with your credit card by mail.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License Number 0960830. You may contact our office at the toll free number above during the hours noted and speak to Melissa Peralta or any available representative.

Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

We may report information about your account to credit bureaus.

To make a payment by touch tone phone, on the web or by credit card, please see reverse side.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS**
✂ Detach Bottom Portion And Return With Payment ✂

PDP-5186532-101-012413-344-33998-148

EOS CCA
PO BOX 296
NORWELL, MA 02061-0296
FORWARD SERVICE REQUESTED

| Account # : | Client Reference # : | Total Due : |
|---|---|---|
| 5186532 | 523006200022 | |
| Client : US ASSET MANAGEMENT INC | | |

PERSONAL & CONFIDENTIAL
PDP-5186532-101-012413-344-33998-148

*****AUTO**ALL FOR AADC 165
CHAVA HERNAN *CONFIDENTIAL*
7 STYSLY LN
SPRING VALLEY NY 10977-2810

EOS CCA
PO BOX 5055
NORWELL, MA 02061-5055

2

There is no question that the letter at issue is the initial letter that defendants send to consumers, thereby creating an obligation to comply with §1692g, or that the letter was sent to collect personal purpose debts. (Herman Dep. Tr. p. 19, lines 3-6 [Appendix I]). Thus, the only question before this court is a question of law, which is does defendants' letter violate the FDCPA? Based on a plain reading of the applicable sections of the FDCPA, the question must be answered in the affirmative.

Plaintiff claims that defendants' letter violates 15 U.S.C. §§1692g, 1692e, 1692e(2) and 1692e(10) because it claims a "total due" of $3,185.59, of which $1,360.25 is described as "other accounts," referring to two or more accounts other than the one AT&T Mobility account that is identified. As a result the "total due" does not represent the total due on the one AT&T Mobility debt that is identified or on any other identifiable debt. In addition, it is unclear who the current creditor or owner of the debt is with regard to any of the accounts. The letter refers to a "client," not the current creditor or current owner, and provides that information solely for the identified account, in the singular.

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997). Further, the FDCPA requires specified disclosures. 15 U.S.C. §§1692e(11), 1692g.

In particular, §1692g(a) requires:

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1)**    **the *amount of the debt*;**

    **(2)**    **the *name of the creditor to whom the debt is owed*;**

    **(3)**    **a statement that unless the consumer, within thirty days after receipt**

3

of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the *current creditor*. . . . (Emphasis added)

Debt collectors are liable if they fail to provide the specified disclosures, or if they provide the disclosures in a manner that is confusing.

To determine whether the FDCPA has been violated, courts examine how the least sophisticated consumer would interpret the collection letter. *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993); *Jones v. Midland Funding, LLC.*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985). The standard is an objective one – whether the plaintiff or any class member was misled is not an element of a cause of action. "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

The least sophisticated consumer standard is designed to protect "all consumers, even the naive and trusting, against deceptive debt collection practices" *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2nd Cr. 1993); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996). The least sophisticated consumer is "one not having the astuteness of a Philadelphia lawyer, or even the sophistication of the average everyday, common consumer" *Id.* at 34. *See also Savino v. Computer Credit Inc.*, 164 F.3d 81, 85 (2nd Cir. 1998).

"The statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts . . . have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required

disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997), citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996).

Under the "least sophisticated" consumer standard, a collection communication which can plausibly be read in two or more ways, at least one of which is inaccurate, violates the law. *Easterling v. Collecto, Inc.*, 692 F.3d 229 (2nd Cir. 2012); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). *Accord, Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3rd Cir. 2008) (violation if communication "can be reasonably read to have two or more different meanings, one of which is inaccurate"); *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1062 (9th Cir. 2011)("it is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"); *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 441 (6th Cir. 2008) (same); *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003) ("When there are two different accounts of what a debtor actually owes the creditor, that one version is the correct description does not save the other . . . under the unsophisticated debtor standard . . . .")." *See also, Chrysler Corp. v. FTC,* 561 F. 2d 357 (D.C. Cir. 1977) (an advertisement is considered deceptive if it has the capacity to convey misleading impressions to consumers even though nonmisleading interpretations may be possible).

Failure to clearly identify the current creditor and clearly state the amount of the debt being collected is a violation of the FDCPA. *Weiss v. Zwicker & Associates, P.C.*, 664 F. Supp.2d 214, 217 (E.D.N.Y. 2009); *Kalebaugh v. Berman & Rabin PA*, 13-2288 and 13-2289, 2014 WL 4259150 (D. Kan. Aug. 28, 2014); *Miller v. McCalla Raymer Padrick Cobb Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000).

### III.   DEFENDANTS' LETTER

The letter at issue is on the letterhead of EOS CCA (Collecto), an entity Plaintiff did not recognize (Herman Dep. Tr., p. 57, lines 18- 24 [Appendix I]).  The Collecto letter describes one account and references "other accounts," *plural*, and thus purports to collect 3 or more debts.  In fact, defendants were seeking to collect the identified account and only one other account, a total of two debts. (Burns Dep. Tr., pp. 37-38 [Appendix J])

While indicating that there are three accounts, and sent to collect two accounts, defendants' letter only attempts to provide the amount and current creditor  disclosures required by §1692g with respect to the one identified account.  Defendants argue that the consumer should realize that all accounts sought to be collected were placed with Collecto by US Asset Management. However, it is not uncommon for a single debt collector to seek to collect from a single individual multiple accounts owed to different parties, *In re Motichko*, 395 B.R. 25, 28-29 and n. 3 (Bankr. N.D. Ohio  2008); *Smith v. American Revenue Corp.*, 2:04cv199, 2005 WL 1162906 (N.D. Ind., May 16, 2005); *Deporter v. Credit Bureau of Carbon County*, 14cv882, 2015 WL 1932336 (D.Colo., April 28, 2015), and it is not possible to determine from the face of defendants' letter whether that is the case here.

Further, while §1692g uses the terms "the creditor to whom the debt is owed" and "current creditor" to describe the party to be identified, the Collecto letter uses the term "client," leaving the consumer to guess about whether the "client" that hired Collecto actually owns the debt.  This is not necessarily the same; many debt buyers hire servicers who in turn hire collection agencies and attorneys. *E.g., Roberson v. LVNV Funding, LLC*, 2:12cv168,  2014 WL 4748305, *10 (E.D. Tenn., Sept. 23, 2014) ("All collection activities on the charged-off accounts are undertaken by Resurgent, a licensed collection agency. Resurgent services and manages the LVNV accounts either directly or through other licensed collection agencies or law firms. Resurgent hired Nathan, a law firm licensed in Tennessee, to collect on plaintiff's account"). Similarly, many creditors assign debts to a collection agency, which in turn hires another agency

6

or attorney to deal with the consumer.  *E.g., Deporter v. Credit Bureau of Carbon County d/b/a CollectionCenter, Inc.*, 14cv882, 2015 WL 1932336 (D.Colo., April 28, 2015).

The letter identifies US Asset Management as a "client" of EOS CCA. Plaintiff had no idea who U.S. Asset Management was. (Herman Dep. Tr., p. 58, lines 1-6 [Appendix I]). Furthermore, although the "client" is US Asset Management, the letter uses a "Client Reference # xxxxxxxxxx22", which is the original AT&T Mobility account number for the one identified account.

## IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THEIR LETTER VIOLATES THE FDCPA

Other courts confronted with similar "disclosures" have held that they violate the FDCPA.   For example, in *Smith v. American Revenue Corp.*, 2:04cv199, 2005 WL 1162906 (N.D. Ind., May 16, 2005), a collection letter (reproduced in Appendix A hereto) "seeks payment in the amount of $1,299.63 for 'various accounts.' Pl. Mot., Appx B, Exh. A. The amount is set forth in the lower right section, which provides the following information: 'Original Creditor: VARIOUS ACCOUNTS,' 'Client Acct # : [redacted],' 'Amount: $1,299.63,' 'Acct. # : [redacted],' and 'Mail Date: September 18, 2003.' Id. Directly below this information, in the same section, the letter further provides: 'Various accounts owed denotes more than one company or account listed for collection.' Id. The letter indicates that the payment was to be made by check or money order payable to 'American Revenue Corp., Inc.' Id." (2005 WL 1162906, *2) The court (Cherry, M.J.), had no difficulty concluding that this "disclosure" violated the FDCPA:

> In this case, the September 18 letter indicates that the "original creditor" for whom the sum of $1,299.63 is being collected is "various accounts." Nowhere does the letter identify those original creditors or the amounts due to those creditors. The Court finds the letter patently confusing on its face in that, after a thorough and careful reading, this Court is unable to determine either the identity of the creditors or the amount owed to the specific creditors. Nor could an unsophisticated consumer determine that information from the face of the letter. Like the court in *Chuway*, this Court was confused after reading the September 18 letter as to how Ms. Smith could determine to whom what amounts are to be paid until American Revenue's brief and discovery responses in this litigation explained that the "various accounts" included fourteen separate accounts. However, despite American Revenue's statement that fourteen accounts are being

7

collected on from Ms. Smith, nothing in the record sets forth the individual accounts, the account numbers, or the amounts owed for each account. All that is provided in the discovery responses is the names of the three different creditors and the tallied number of accounts for each creditor for a total of fourteen accounts: Methodist ER Physicians-(4), Broadway Radiology Services-(9), and Northwest Indiana Radiological Services-(1).

The "various accounts" referenced in the letter actually include fourteen separate accounts, which are comprised of four accounts from Methodist ER Physicians, nine accounts from Broadway Radiology Services, and one account from Northwest Indiana Radiological Services. The September 18 letter does not mention any of these creditors or accounts by name nor does it mention any information that would have allowed Ms. Smith to identify the creditors or the amounts owed to each of them. (2005 WL 1162906, *6)

. . . Because the September 18 letter sent to Ms. Smith requests payment on a lump sum amount for "various accounts" without identifying each creditor and the amount owed to each creditor, the letter is confusing on its face and misrepresents the character of the debt. Accordingly, the Court finds that American Revenue has violated § 1692e of the FDCPA. See *Durkin*, 2005 WL 94909, at *3 (holding that the Court may grant summary judgment in favor of an FDCPA plaintiff when the FDCPA violation is clearly evident on the face of the letter). (2005 WL 1162906, *8)

In *Deporter v. Credit Bureau of Carbon County d/b/a CollectionCenter, Inc.*, 14cv882,

2015 WL 1932336 (D.Colo., April 28, 2015), lawyers hired by CollectionCenter sent a dunning

letter (reproduced in Appendix B hereto) stating that the "Total Due" to CollectionCenter was

$408.71. The "Total Due" actually included one bill owed to Colorado Anesthesiologists, two

bills from Frontier Emergency Physicians, and one bill from Poudre Valley Health Systems.

The court (Tafoya, M.J.) held that the letter violated the FDCPA:

In *Smith v. American Revenue Corp.*, No. 2:04–CV–00199–PRC, 2005 WL 1162906, at *5–8 (N.D.Ind. May 16, 2005), the court found that a debt collector violated section 1692e of the FDCPA by summarizing debts owed in a collection letter as "various accounts" totaling $1,299.63 and failing to itemize the accounts subject to the collection letter. The court found that the letter was "patently confusing on its face" because an unsophisticated consumer would be "unable to determine either the identity of the creditors or the amount owed to the specific creditors." Id. at *5.

Here, as in *Smith*, the court finds that the January 15 letter violated section 1692e because it was misleading and misrepresented the character of the debt. Although the January 15 letter included a "Total Due" of $408.71, the facts show that the Debt was actually comprised of four different accounts from three different creditors. In fact, the January 15 letter is more misleading than the letter considered by the *Smith* court; while the *Smith* letter at least acknowledged that it sought to collect on "various accounts," the January 15 letter does not indicate in any way that the "Total Due" is actually comprised of more than one account.

The court rejects any notion that Plaintiff was obligated to remember the identities of his

8

creditors and the amounts owed to them. The least sophisticated consumer may very well "lose bills and forget amounts of their debts and to whom the debts are owed." Smith, 2005 WL 1162906, at *6 (citing *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir.2004)). Further, even if Plaintiff had saved the bills from the original creditors, he still could not have deduced the multiple sources of the aggregated debt, which, in turn, impaired his ability to assess the validity of the Debt. Id. at *6 (citing *Fields*, 383 F.3d at 566). Indeed, because Defendant began assessing interest on the various accounts after receiving them from the original creditors, Plaintiff could not have simply added the total of those individual bills to reach the "Total Due" featured in the January 15 letter.

Finally, if Plaintiff had simply elected to comply with the letter by sending the total amount due, although he would have had proof that he paid the "Total Due" featured in the January 15 letter, because Defendant failed to itemize the accounts included in that total, he would have no proof of which debts should have been paid by the collector with the funds he provided. Moreover, in the event that Plaintiff was unable to pay off the entire balance of the Debt, he could not elect to pay a certain account—such as the account that was subject to the Conditions of Service's attorney fees provision—to the exclusion of others.

Accordingly, because the January 15 letter sent to Plaintiff requests payment of a lump sum "Total Due" without identifying any of the original creditors or the amounts owed on those accounts, the letter is confusing on its face and misrepresents the character of the debt. As a consequence, the court finds that that the undisputed facts show that Defendant violated section 1692e(a)(2) of the FDCPA. Therefore, the court finds that Plaintiff is entitled to summary judgment as to liability only on this claim. (2015 WL 1932336, *7)

In *Walls v. United Collection Bureau, Inc.*, 11 C 6026, 2012 WL 1755751, *1 (N.D. Ill. May 16, 2012), the court held that the letter in <u>Appendix C</u>, attached, was confusing and violated the FDCPA because it referred to a "current owner," a "client" and an "original creditor":

> [D]efendants ignore the plain language of the statute , which requires that the 'creditor to whom the debt is owed' be identified, not the 'current owner of the debt[2]' . . . [i]n addition, the letter's designation of the 'original creditor,' can be viewed as making the letter even more confusing in light of the fact that no phrase like 'current creditor' is used.   (*Walls v. United Collection Bureau, Inc.*, at *2.)

"It is implicit in the FDCPA that a debt collector may not defeat the statute's purpose by making the required 15 U.S.C. §1692g disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtor who are the particular objects of the statute's solicitude." *Walls v. United Collection Bureau, Inc.*, at *1, citing *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir.1997).

---

[2]The Collecto Letter uses the term "Client"

Similarly, in *Braatz v. Leading Edge Recovery*, 11 C 3835, 2011 WL 9528479 (N.D. Ill.

Oct. 20, 2011), the court held the letter in Appendix D violated the FDCPA because it referred to

LVNV as the "creditor" but also identified the debt as a "Citibank account." The *Braatz* court

stated:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the
> only statement regarding the identity of the creditor, the Court might indeed conclude
> that as a matter of law the dunning letter was not confusing. However, the notice also
> identifies the debt as belonging to Citibank. Thus the dunning letter identifies two
> creditors. This is an apparent contradiction that the debt collector fails to explain. [The
> least] sophisticated consumer might understand that LVNV had purchased the delinquent
> Citibank account. That is, however, but one plausible inference to be drawn from the
> letter. [A least] sophisticated consumer might just as reasonably conclude that [what] she
> believed to be a single debt was now owed to two separate companies (LVNV and
> Citibank). (*Braatz v. Leading Edge Recovery Solutions, LLC.*, at *1.)

In *Blarek v. Creditors Interchange*, No. 05 C 1018,  2006 WL 2473348 *1-2 (E.D. Wis.

Aug. 25, 2006), the court held that a complaint stated a valid claim under §1692g(a)(2) where

the  validation notice (Appendix E) identified the creditor only by the partial name "UAC" and

also referred to UAC's "subsidiaries" and "affiliated securitization trust."  "Generally speaking,

a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in

a manner that is unclear or confusing."

With respect to the "amount of the debt," in *Weiss v. Zwicker & Associates, P.C.*, 664

F.Supp.2d 214 (E.D.N.Y. 2009), a collection letter stated that "As of the date of this letter, the

balance on your account is $30,982.09.  Your balance may include additional charges including

delinquency charges, as applied at the direction of American Express, if said charges are

permissible in accordance with the terms of your agreement."  (664 F.Supp.2d at 215) The court

"finds that this language violates the FDCPA because it is 'reasonably susceptible to an

inaccurate reading' of the required message.' . . . A consumer receiving the March 26th Letter

could reasonably interpret the letter in two ways: it could be read to mean that the total balance

of $30,982.09 already includes additional charges or it could be read to mean that the total

balance might eventually include certain additional charges.  In any event, it is not clear to the

Court whether the additional charges are already included in the total balance.  This type of

uncertainty is likely to confuse even more sophisticated consumers about the actual amount of the debt owed. Accordingly, the Plaintiff is entitled to summary judgment on him claim that the March 26th Letter violates the 'amount of debt' provision, 15 U.S.C. §1692g(a)(1), in the FDCPA." (664 F.Supp.2d at 217)

In the present case, it is impossible to determine from the face of defendants' letter how many "other accounts" they are seeking to collect, the amount of each of these debts, or who the creditor is for each of these debts. Accordingly, defendants' letter violates the FDCPA.

Defendants' motion asks the Court to examine its violations of §1692g in a vacuum, and independently from one another, and argues that the required information is present in a literal sense. Discovery revealed that defendants were seeking to collect two debts, both owned by US Asset Management. (Burns Dep. Tr., *supra*, pp. 37-38 [Appendix J]) Defendants argue that since the name of the current creditor, US Asset Management, was physically present in the letter, §1692g was complied with.

Defendants' argument is not consistent with the Second Circuit's "least sophisticated consumer" standard. The inclusion of a name is not sufficient if it is not accurately described. *Sparkman v. Zwicker & Associates, P.C.*, 374 F.Supp.2d 293 (E.D.N.Y. 2005) (including name of owner of debt but incorrectly labeling it as agent of the current owner is not "disclosure"). The consumer is left to guess (1) how many accounts defendant seeks to collect; (2) who owns each account; and (3) whether the entity identified as the "client" owns each of the debts or is servicing for another.

The repeated ambiguities as to the information required to be disclosed under §1692g(a) are confusing, resulting in violations of both §§1692g and 1692e.

## V.   DEFENDANTS' CASES ARE INAPPLICABLE OR DISTINGUISHABLE

Defendants rely on *Barnes v. Advanced Call Center Technologies, LLC,* 493 F.3d 838 (7th Cir. 2007). In *Barnes,* a collection letter sought the past-due payments on an unaccelerated credit card debt. In *Barnes* the plaintiff argued that the amount of the debt is not the past due

11

amount currently sought by the debt collector, but rather the consumer's overall account balance with the creditor. The Seventh Circuit held that the collector should disclose the current portion as the amount of the debt, making clear that it was not the total liability. (493 F.3d at 840-41)

*Barnes* is completely inapposite to the facts of this case, where defendants were seeking to collect two accounts, sent a letter that referred to at least three accounts, failed to identify the creditor for the "other accounts" at all, referred to the current creditor for one account with the ambiguous term "client," and provided a "total amount due" that is not representative of the amount due on the account that has been identified.

Defendants also rely on *Hammett v. AllianceOne Receivables Management, Inc.*, 11-3172, 2011 WL 3819848 (E.D. Pa. Aug. 30, 2011). AllianceOne sent a letter (Appendix F) on behalf of PNC Bank, which was both the original and current creditor. Hammett complained that the letter violated §1692e and §1692e(10) by failing to provide PNC Bank's full corporate name and by referring to PNC Bank as the "client." Critically, the debt had not been transferred by PNC Bank to anyone else, and the credit card issued to the consumer had "PNC Bank" on the front. The *Hammett* Court stated "the language chosen by the Defendant to identify the creditor could have been more precise," *Hammett* at *4, but found no violation where PNC was the original creditor, the consumer had dealt with the entity as "PNC Bank," and there was no change in ownership.

Here, there *had* been a change in ownership. While "client" coupled with the familiar name of the original creditor used in the transactions giving rise to the debt might be sufficiently clear, "client" coupled with a name (US Asset Management) that the consumer had not previously encountered is a different matter. As noted, plaintiff had no idea who US Asset Management was. (Herman Dep. tr., p. 58, lines 1-6 [Appendix I]). Furthermore, while the *Hammett* letter sought to collect one debt, here defendants sent a collection letter (1) purporting to collect three or more debts, (2) actually pertaining to two debts, and (3) identifying only one debt. Moreover the information that is included is subject to multiple, inconsistent

12

interpretations.

Defendants contend that "even the least sophisticated consumer would know that [] she can open multiple accounts with a cell phone service provider such as AT&T Mobility. . ." (Def. Br. p.11). However, plaintiff had no idea that the "other accounts" was a reference to another (singular) account with AT&T, nor can that information be discerned from defendants' letter. Plaintiff only learned what "other accounts" defendants were referring to during discovery in this case.

Defendants cite *Anselmi v. Shendell & Associates, P.A.*, 12-61599, 2014 WL 5471111 (S.D.Fla., Oct. 29, 2014), for the proposition that their disclosure of the amount of the debt was sufficient. However, the letter involved in *Anselmi*, set forth at *3-4 of the opinion, clearly stated the total amount of the debt, what that number consisted of, and what additional items would come due in the immediate future. The issue in that case – how to clearly disclose an amount which was increasing during the 30 days after the initial letter was sent – was totally different.

Defendants cite *Johns v. Northland Group, Inc.*, No. 14–2947, 2014 WL 7404131 (E.D.Pa., Dec. 31, 2014), which found non-misleading two collection letters seeking to collect department store credit card balances. Each identified the "Creditor" as "Department Stores National Bank" and also identified the store credit card involved. One (Appendix G) stated "Store Name: Bloomingdale's" and the other (Appendix H) "Store Name: Macy's." Each letter provided the last digits of the original account number for the credit card in question. (The numbers are redacted on the examples of the letters we found in the court file.) Department Stores National Bank was the legal entity that issues both Bloomingdale's and Macy's credit cards.

Plaintiff does not understand defendants' reliance on this decision. If anything, *Johns* illustrates how a debt collector seeking to collect multiple accounts from one individual can do so in a clear and non-misleading manner.

13

In short, defendants violated the FDCPA, §§1692g, 1692e, 1692e(2), and 1692e(10), by sending plaintiff and the class members collection letters that included the amount of "other accounts," but didn't identify the "other accounts" or clearly state who the current creditor was for any of the accounts.  The least sophisticated consumer, or even a sophisticated consumer, can study defendants' letter at length without being able to obtain the information required to be disclosed by Congress in a clear and unambiguous manner.

## VI.    DEFENDANTS ARE NOT ENTITLED TO ASK THE COURT TO REFUSE TO ENFORCE A DISCLOSURE REQUIREMENT IMPOSED BY CONGRESS ON THE GROUND THAT THE INFORMATION IS IMMATERIAL.

Defendants argue that the identification of the current creditor and the amount owed on each debt is not "material." The obvious flaw in this reasoning is that Congress has deemed it material that the debt collector state, in the initial collection letter, who owns the debt and the amount of the debt.

All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (violations of 1692e(11) are always "material"); *Mark v. J. C. Christensen & Assoc., Inc.*, 09-100, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009); *Garo v. Global Credit & Collection Corp.*, CV-09-2506, 2011 U.S. Dist. LEXIS 7737 (D.Ariz. Jan. 26, 2011).  Correct identification of the debt collector and the owner of the debt is "material." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323 (6th Cir. 2012).

In *Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012), the court rejected the same argument made by defendants here, stating:

> Defendant's reliance on cases applying a materiality requirement to FDCPA §1692e claims is misplaced. Those cases address the provisions of FDCPA §1692e that prohibit false representations. In other words, they address the anti-fraud provisions of FDCPA §1692e.  Materiality is almost always a required element in proving a fraud. *See Hahn v. Triumph P'ships*, 557 F.3d 755, 757 (7th Cir. 2009) ("Materiality is an ordinary element of any federal claim based on a false or misleading statement."). But FDCPA §1692e also contains other provisions that do not require a showing of materiality. For example, FDCPA §1692e(11) mandates that debt collectors disclose in the initial communication with a consumer that they are attempting to collect a debt. The failure to give the required disclosure is actionable *per se*, without any requirement of materiality. *Warren v.*

14

*Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) ("whether a materiality requirement attaches to other violations of §1692e has no impact on [plaintiff's] allegations that the defendants violated § 1692e(11)."). Statutory damages are available for every consumer who has suffered a violation of FDCPA §1692e(11), regardless of whether they were actually injured or not. See 15 U.S.C. §1692k(a)(2)(A).

Similarly, in *Lee v. Forster & Garbus LLP*, 926 F.Supp.2d 482, 487(E.D.N.Y. 2013), the court rejected the defendant's materiality argument:

> Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)(2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, *arguendo*, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here was not immaterial as a matter of law. The entity to which a debtor owes money potentially affects the debtor in the most basic ways, such as what the debtor should write after "pay to the order of" on the payment check to ensure that the debt is satisfied.[1] Accordingly, Defendants' materiality argument is without merit.

Other district courts have recognized that the Congressional requirement must be enforced as written. In *Walls v. United Collection Bureau, Inc.*, 11 C 6026, 2012 WL 1755751 (N.D. Ill. May 16, 2012) (Grady J.) the court held –

> We reject defendants' contention in their reply brief that what plaintiff is complaining of is "immaterial" information. The statute expressly requires identification of the creditor to whom the debt is owed; when that information is presented in an arguably confusing manner, it could influence the consumer's decision. For example, it could cause an unsophisticated consumer to be concerned about the possibility of being defrauded or about paying the incorrect creditor and continuing to have outstanding debt. *(Walls,* 2012 WL 1755751 at *2.)

The appropriate distinction is between acts and statements specifically required by Congress, and generalized claims that statements or conduct are misleading or deceptive. The "reason" is the Constitutional separation of powers – when Congress has mandated a specific act or disclosure, for a court to depart from that mandate would constitute an impermissible "judicial amendment in abrogation of explicit, unconditional statutory language." *Hallstrom v. Tillamook County*, 844 F.2d 598, 600-01 (9th Cir. 1987).

Defendants' argument also ignores what Congress was attempting to accomplish by compelling every debt collector to state in writing who owns the debt. There are formal,

evidentiary, and enforcement reasons for this in addition to merely providing information to consumers about how to pay.

One reason is to enable consumers (or their attorneys) to readily investigate and confirm that the person seeking to collect money is in fact authorized to do so. The Federal Trade Commission has published a warning to consumers (www.consumer.ftc.gov/articles/0258-fake-debt-collectors) to "be on the alert for scam artists posing as debt collectors. It may be hard to tell the difference between a legitimate debt collector and a fake one. Sometimes a fake collector may even have some of your personal information, like a bank account number." The warning advises consumers to insist on receiving a validation notice which "must include . . . the name of the creditor you owe," and that consumers should not pay a collector who "refuses to give you all of this information." If there is any question, the consumer is instructed to contact the creditor and "find out who, if anyone, the creditor has authorized to collect the debt."

The Consumer Financial Protection Bureau, which now has rulemaking authority with respect to the FDCPA and shares enforcement authority, has published a very similar warning. (www.consumerfinance.gov/askcfpb/1699/how-can-i-verify-whether-or-not-debt-collector-legiti mate.html)

Thus, not only has Congress deemed the information at issue in this case to be material, but the agencies charged with enforcing the FDCPA specifically tell consumers to act on the basis of the disclosure – to contact the person identified as the owner of the debt in the initial collection letter and to refrain from paying collectors who fail to provide the required information. An unambiguous written identification of the owner of the debt is necessary in order to do this.

The extent of the problem is illustrated by the fact that in recent years, the FTC has brought seven proceedings against such "fake debt collectors", naming dozens of defendants. (www.ftc.gov/news-events/press-releases/2015/04/ftc-illinois-attorney-general-halt-chicago-area -operation-charged). E.g., *Federal Trade Commission and State of Illinois v. K.I.P., LLC, et*

16

*al.*, 15cv02985 (N.D.Ill.); *Federal Trade Commission v. American Credit Crunchers, LLC, et al.*, 12cv1028 (N.D.Ill.); *Federal Trade Commission v. Broadway Global Master Inc., et al.*, 2:12cv00855-JAM-GGH (E.D.Cal.); *Federal Trade Commission v. Williams, Scott & Associates, LLC, et al.*, 1:14cv1599 (N.D.Ga.); *Federal Trade Commission v. Pinnacle Payment Services, LLC, et al.*, 1:13cv3455 (N.D.Ga.).

In light of the foregoing, it is clear that the requirement that each debt collector identify the owner of the debt in writing does not merely serve to convey information to the consumer, although that is one objective.  It also serves other formal, evidentiary and enforcement objectives.  It forces debt collectors to create a "paper trail" regarding the ownership of debts. It permits law enforcement agencies to educate consumers to not pay debts to persons who fail to provide the required notice and to ascertain that debts are being collected by authorized persons. Failure to comply with these requirements facilitates fraud and harms consumers.

In short, the Congressionally-mandated disclosure of the current owner and amount of the debt serves a number of real and useful purposes, and a debt collector who fails to provide that information violates the FDCPA as a matter of law.

The decisions defendants cite are not in point.  Defendants rely heavily on the unpublished memorandum decision in *Gabriele v. American Home Mtge. Servicing, Inc.*, 503 Fed. Appx. 89, 94 (2d Cir. 2012), which dealt with the conduct of state court litigation to enforce a mortgage loan. The complaint was that "Croog falsely stated that it had forwarded both exhibits to the complaint; submitted an affidavit incorrectly representing that there were no set-offs or counterclaims; filed an unsigned affidavit; and misrepresented that Gabriele was ineligible for a federal loss mitigation program when in fact he was under consideration for such a program in mediation." The Court of Appeals held that "[t]hese filings, even if false, would not mislead the least sophisticated consumer, particularly represented by counsel, as here, into believing that he had already received an exhibit he had not received, that he had not filed counterclaims that he had filed three months before, or that he was not under consideration for a

17

program he was in mediation to address." It concluded that "Where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior" and that "the alleged misstatements in court filings amounted to mere technical falsehoods that misle[d] no one. . . . Within the context of an adversary proceeding in state court between two represented parties, these allegations simply do not state plausible claims under the FDCPA." 503 Fed. Appx., at 94-96)

This case does not involve an adversary proceeding between two represented parties. It involves an initial collection notice which makes it impossible for a reader to discern Congressionally-mandated information. That is material and a violation of the FDCPA.

Defendants also rely on *Akoundi v. FMS, Inc.*, 14 Civ. 366, 2014 WL 3632008, *3 (S.D.N.Y. July 16, 2014). *Akoundi* did not involve statutorily-mandated disclosures. Rather, the complaint was that a letter offering a settlement in a specified dollar amount also stated that the dollar amount was 25% of the debt when in fact it was 25.0001460655776%, because the dollar amount was rounded up to the nearest penny. The court held that "No authority has been presented for the Plaintiff's proposition that the simple use of a rounded figure should be considered a material misrepresentation in and of itself. The settlement amount is clearly stated on the face of each letter . . . . Even if the rounding of a percentage were considered a technical falsity, there is no evidence that the fact that the percentage figure had been rounded would influence the least sophisticated consumer's decision to pay or to challenge the debt . . . ."

In this case, not only is the information mandated by Congress, but, as demonstrated by the FTC and CFPB actions described above, accurate disclosure of the current creditor and the amount of the debt, for each debt sought to be collected, does impact the consumer's decision to pay or challenge the debt.

Defendants cite *Kassel v. Universal Fidelity LP*, 13cv3756, 2014 WL 824335 (E.D.N.Y., March 3, 2014), a case in which the plaintiff asserted that it was misleading for a collection letter

18

to (i) refer to the consumer as a "valued customer" of the creditor and (ii) include a pre-printed signature of "C. Hearn" which "mislead[s] the consumer into believing that their [sic] particular file was reviewed by Ms. or Mr. Hearn who discussed it with the creditor who in turn described the consumer as 'a valued customer,' causing Ms. or Mr. Hearn to be 'somewhat surprised' to learn this." The court thought these claims to be silly.

Finally, defendants cite *Kolganov v. Phillips & Cohen Assoc., Ltd.*, No. CV–02–3710, 2004 WL 958038 (E.D.N.Y., April 8, 2004), which held actionable an initial notice which stated an outstanding balance but added, "You are hereby notified that the above balance does not include the most recent charges assessed, any applicable over the limit fees, or your most recent daily interest charges." The court agreed that "The least sophisticated consumer could reasonably interpret P & C's collection letter to have two different meanings regarding the size of the debt, the first of which is inaccurate: (1) $7,562.00 or (2) $7,562.00 plus recent charges, over the limit fees, and recent daily interest charges. . . . Accordingly, since the description of amount of debt owed was contradictory, and not clearly conveyed, the letter does not comply with §1692g of the FDCPA." (2004 WL 958038, *3) Contrary to defendants' brief (p. 16), the court did not require the plaintiff to further show that the Congressional requirement of the "amount of the debt" was material, or that there was good reason to enforce it in the particular case – the only inquiry was whether the statutorily-required disclosure was made clearly and unambiguously.

Here, the statutorily-required disclosure was not made clearly and unambiguously.

## VII.   CONCLUSION

For the reasons stated, defendants' motion for summary judgment should be denied.


Respectfully submitted,

*Tiffany N. Hardy*
Tiffany N. Hardy

19

Tiffany N. Hardy
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
20 S. Clark St., Suite 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)


Abraham Kleinman
KLEINMAN, LLC
626 RXR Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)


T:\28061\Pleading\Plaintiff's Response to s_j motion DAE_Pleading.WPD

20

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, certify that on June 15, 2015, a copy of this document was sent by U.S. Mail and e-mail to the following party:

Sabato P. Fiano
Michael A. Carbone
ZELDES, NEEDLE & COOPER, P.C.
1000 Lafayette Boulevard
Bridgeport, CT 06604
jelliot@znclaw.com

Tiffany N. Hardy

21