IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
 CHAVA HERMAN,                                               :
on behalf of plaintiff and a class,                          :
                                                             :
                               Plaintiff,                    :
                                                             :
                   vs.                                       :   Case No. 13-cv-4831(CS)
                                                             :
COLLECTO INC., and                                           :
US ASSET MANAGEMENT INC.,                                    :
                                                             :
                               Defendants.                   :
------------------------------------------------------------ x
```

## RENEWED PRELIMINARY APPROVAL MOTION

Plaintiff Chava Herman (the "Plaintiff" or "Class Representative"), and the Defendants Collecto, Inc. and US Asset Management, Inc., ("Defendants") (Plaintiff and Defendants are collectively referred to as (the "Parties")), respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(1): (1) preliminarily approving the proposed Settlement Agreement; (2) directing notice to the Class; and (3) setting dates for claim form submission, opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).

In support of their motion, the Parties state:

1.	This action was brought by Plaintiff Chava Herman on her own behalf and on behalf of all other persons similarly situated to Plaintiff.

2.	Plaintiff asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendants Collecto, Inc. and US Asset Management, Inc., in connection with Defendants' collection letter that Collecto, Inc., sent to Plaintiff and the Class Members, which Plaintiff alleged violated 15 U.S.C. §1692g by referring to "other accounts" without

identifying the other accounts. Defendants deny all of these factual allegations and the Court has not made a finding of liability against Defendants.

3. Counsel for Plaintiff and Counsel for Defendants have reviewed and analyzed the complex legal and factual issues presented in this action, and the risks and expense involved in pursuing the litigation to conclusion.

4. Based upon this review and analysis, counsel for Plaintiff and counsel for Defendants embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Appendix 1 to the Declaration of Tiffany N. Hardy.

5. Plaintiff and Defendants have also considered the factors required to certify a class action under Federal Rule of Civil Procedure 23.

6. September 28, 2015 the Court certified a class of consumers in New York to whom Collecto, Inc., sent a letter referring to 'other accounts', which other accounts are in an amount other than zero, where the letter was sent on or after July11, 2012 and on or before July 31, 2013

7. On September 28, 2015 this Court determined that the class met the following requirements:

    a. The Class is sufficiently numerous such that joinder of all members is impracticable. (the class consists of 8,277 individuals).

    b. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members.

    c. The Class Representative's claims are typical to those of the Class Members.

       d.       The Class Representative and her counsel are adequate representatives for the Class.

       e.       Resolution of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

8. Under the terms of the Class Action Settlement Agreement and subject to court approval:

       a.       Defendants agree to establish a class settlement fund in the amount of $100,000.00 for purpose of satisfying the claims of the Class. Each class member who returns a timely claim form and does not opt out shall receive a pro rata share of the class settlement fund. However, no class member shall receive a recovery in excess of $5,000.00;

       b.       Defendants agree to pay Class Representative, Chava Herman, $5,000.00 for her actual and statutory damages, and for her service as class representative,

       c.       Defendants agree to pay the costs of class notice and administration,

       d.       Defendants agree to pay Class Counsel reasonable attorneys' fees and costs in the total amount of $105,000.00. This amount is to be paid in addition to, and not out of, the amounts paid to the Class Representative and the Class Members.

       e.       Defendants or Defendants' Counsel shall cause Notice to the Class to be mailed within 45 days after entry of the Preliminary Approval Order.

    f.  Defendants or Defendants' Counsel must cause to be mailed to the Class members, by first class mail: (1) the Class Notice and Claim Form, and (2) the settlement checks.

    g.  To the extent that there are any funds from un-cashed, expired Settlement Checks, an amount equal to the amount of such un-cashed checks must be paid over as a *cy pres* award to Class Counsel to be distributed to The Legal Aid Society, 199 Water Street, New York, New York 10038.

9. Counsel for Plaintiff and the Class believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the Class.

10. The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

11. The Parties have agreed on the form of notice to be sent to each Class Member, attached as <u>Appendix 2</u> to the Declaration of Tiffany N. Hardy, via first class mail.  The Parties have agreed that no further notice to the Class is required.

12. The Parties have agreed on the proposed Preliminary Approval Order and Final Approval Order, attached as <u>Appendices 3 and 4</u> to the Declaration of Tiffany N. Hardy, respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order: (1) preliminarily approving the proposed Class Settlement Agreement; (2) directing notice to be sent to the Class via first class mail; and (3) setting dates for claim form submissions, opt-outs, objections, submission of Class Counsel's fee petition and a hearing under Federal Rule of Civil Procedure 23(c)(2).

| | |
|---|---|
| Dated: New York, New York<br>July, 2016 | Dated: New York, New York<br>July , 2016 |
| LAW OFFICES OF KLEINMAN LLC | ZELDES, NEEDLE & COOPER, PC |
| By:  /s/ Abraham Kleinman<br>     Abraham Kleinman | By:   /s/sSabato P. Fiano<br>     Sabato P. Fiano |
| <u>Attorneys for the Plaintiff</u>:<br>626 RXR Plaza<br>Uniondale, New York 11556<br>(516) 522-2621 | <u>Attorneys for the Defendant:</u><br>1000 Lafayette Boulevard, 5th Floor<br>Bridgeport, Connecticut 06604<br>(203) 332-5791 |

EDELMAN COMBS LATTURNER
& GOODWIN, LLC

/s/ Tiffany N._Hardy
Tiffany N. Hardy


    Tiffany Hardy
20 South. Clark Street, Suite 1500
Chicago, IL  60603
(312) 739-4200

## CERTIFICATE OF SERVICE

      I, Tiffany N. Hardy, hereby certify that on August 11, 2016, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following party via electronic mail:

Sabato P. Fiano
sfiano@znclaw.com

Michael A. Carbone
mcarbone@znclaw.com

                                              s/Tiffany N. Hardy
                                              Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS LATTURNER & GOODWIN, LLC
20 S. Clark St. Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)